### FRANK MELAT, Consolidated, et al. v. COOPER et al.

#### No. 4623.

Court of Appeal of Louisiana. Second Circuit.

Nov. 3, 1933.

See, also, 149 So. 468.

Fraser & Carroll, of Many, for appellants.

Pickett & Moore, of Many, for appellees.

DREW, Judge.

On September 21, 1932, W. M. Cooper filed suit against Frank Melat, Consolidated, a corporation organized under the laws of Louisiana and domiciled at Shreveport, Caddo parish, La., for the sum of $602.30, and secured issuance of a writ of provisional seizure of certain oil and gas well, rig, machinery, etc., also of the lease on which said well was located. Citation was addressed to "Frank Melat, Consolidated, of the Parish of Caddo," and the following return was made on said citation:

"Received the within citation on the 11th day of October 1932, and on the 11th day of Oct. 1932, I served the same on the within-named Frank Melat at his residence in Caddo Parish, La., by handing a certified copy hereof together with certified copy of plaintiff's petition to Mrs. J. E. McAneny upon inquiring and learned her name to be Mrs. J. E. McAneny person over the age of 16 years living in same house with said Frank Melat, he being temporarily absent from home at the time of said service.

"E. E. Aarnell,
"Deputy Sheriff of Caddo Parish, La."

There was no appearance by defendant, and judgment was rendered by default on November 17, 1932. On November 28, 1932, a

fieri facias issued, and the property under seizure was advertised for sale on February 18, 1933. On the day of the sale, Frank Melat, Consolidated, and E. F. Neely, a resident of Caddo parish, La., came into court by petition and alleged that Frank Melat, Consolidated, was the owner of the rig complete with machinery, appliances, tanks, piping, tools, etc., seized and advertised for sale, and that Neely was the owner of 2,300 feet of 6-inch casing in the well under seizure and advertised for sale; alleged all the facts above set out in the case of W. M. Cooper v. Frank Melat, Consolidated; further alleged that the judgment rendered therein under which said fieri facias issued is an absolute nullity and void and of no effect for the reason that it was obtained and rendered without legal citation or legal service of citation on any of the owners of said property; alleged irreparable injury if the property was sold, and secured a restraining order until a hearing on the application for a temporary injunction could be had; prayed for a hearing on the application for temporary injunction, and, finally, for an injunction forever prohibiting, enjoining, and restraining W. M. Cooper and the sheriff of Sabine parish, La., from proceeding further in the execution of the judgment.

The rule to show cause why a temporary injunction should not be granted was fixed for hearing for February 27, 1933, on which date W. M. Cooper filed a motion to dissolve the restraining order, setting up that it was obtained only to harass him and did not show irreparable injury, that it is not supported by an oath or verification of petition, as required by law, and that there was not a sufficient bond made and filed; further alleged that the relators in rule had actual knowledge of the suit and judgment. He alleged damages in the sum of $235.46 caused by said restraining order, and prayed that the restraining order be rescinded and annulled and for judgment for damages, as alleged.

This motion was fixed for trial for March 2, 1933, on which date Cooper filed an exception of misjoinder and an exception of no cause of action as to relator Neely, and an answer to the petition of relator in which he prayed that the demands be rejected at their costs and for judgment in reconvention in the sum of $235.46, as set out in said answer, and alleged to have been caused by the restraining order. The case was set for trial for March 16, 1933, on which date it was tried and judgment rendered in which the motion to dissolve the restraining order was sustained and it was dissolved. It further decreed that the demands of relator Frank Melat, Consolidated, and E. F. Neely be rejected at their cost, and gave judgment to respondent in reconvention in the sum of $120.46, as damages for illegal issuance of an injunction, and for the further sum of $15,

cost of readvertising the property, and the further sum of $100 as attorney's fees for the dissolution of said injunction. From this judgment relators have appealed. There is no answer to the appeal; therefore the exceptions are not before us.

The only question presented to us for determination is the legality of the original judgment. It evolves itself into the following question: Was defendant legally cited in the original suit? And, if not, did it make such an appearance in court prior to judgment as to waive its right to question the manner in which it was cited?

The plaintiff, Cooper, alleged that the defendant, Frank Melat, Consolidated, was a corporation duly organized under the laws of Louisiana with its domicile in Shreveport, Caddo parish, La. The citation was addressed to "Frank Melat, Consolidated." The officer who made the service shows by the return thereon that he made no attempt to serve the corporation, but only to serve Frank Melat. In his return quoted above, he says, "I served the same on the within Frank Melat," not the within "Frank Melat, Consolidated." However, if the return did read as last quoted, it would not have been a legal citation, for the reason that the manner of citing corporations is clearly set out in Act No. 250 of 1928, § 37, pars. 2, 3, reading as follows:

"II. Every corporation shall by resolution of its board of directors appoint not less than two natural persons of full age who are residents of the parish in which the corporation's registered office is located, upon either or any of whom legal process or other notices or demands, required or permitted to be made on the corporation, may be served. In the first instance, the full names of such agents and their post-office addresses shall be stated in articles, and a written notice thereof giving such information shall be filed with the Clerk of the District Court of the parish in which such registered office is located, who shall make and keep a permanent record thereof for public inspection. Upon the death, resignation or removal from the parish of the corporation's registered office of any such agent or agents, or upon the removal of the registered office to another parish, whereby the number of such agents in the parish of the registered office is reduced to less than two, a new successor or agent or agents, residing in the parish in which the corporation's registered office is located, shall, within thirty (30) days after the happening of such event, be appointed by the board of directors. The full name or names and the post-office address or addresses of such successor agent or agents shall be certified in writing signed in the name of the corporation by the President, Vice-President or Secretary of the corporation, and shall be filed with the Secretary of State and said Clerk

of Court accompanied by a copy of such resolution of appointment certified by one of said officers. The Secretary of State and the Clerk of Court shall keep in their respective offices for public inspection a permanent record of such appointments and the dates thereof. Upon compliance with the foregoing provisions the successor agent or agents shall be vested with the powers of the agent or agents succeeded.

"III. In case the corporation has failed to designate agents for the service of process as required in the preceding paragraph, or in the event of the occurrence of a vacancy in any such agency for any cause, and pending the appointment of a successor agent or agents, and the filing of notice as aforesaid, any process, notice or demand served upon any officer, director or resident agent named in the articles, or in the last report previously filed with the Secretary of State, or on any employee over the age of sixteen years found in the corporation's registered office, or in any place where the business of the corporation is regularly conducted, shall be deemed valid service on the corporation; provided that if the sheriff or other officer whose duty it is to make service makes a return certifying that he is unable, after diligent search, to locate any of the persons referred to in the preceding provisions of this paragraph, then service may be made upon the Secretary of State or the Assistant Secretary of State; and, in such event, it shall be the duty of said officer to forward the papers served upon him to the corporation at its last known address, and the service so made shall be deemed valid service upon the corporation."

And this is the only method of citing and serving a corporation. There is no provision in our law for substituted service by making domiciliary service upon an officer of a corporation or upon a duly appointed agent for service.

A reading of the above-quoted paragraphs of section 37 of Act No. 250 of 1928, and a reading of the return on the citation quoted above, are sufficient to show the illegality of the citation, without further discussion. The record discloses that the defendant corporation was a legal corporation and had appointed agents for service within the parish of Caddo; the agents for service being Frank Melat and J. E. McAneny.

The record fails to disclose that defendants made any appearance in court, by bonding the property or otherwise, that would waive the right to question the legality of the service. The record does disclose that some officer of the corporation made an agreement with the attorney for plaintiff, Cooper, to allow the operation of the property after seizure, in order to drill the well deeper. However, all the correspondence in the record, which is entirely between the attorney for plaintiff, Cooper, and the sheriff and keeper, begins as follows: "A compromise has been reached. * * *" This testimony was objected to and the objection should have been sustained, but, when considered as legal testimony, it still fails to show that the corporation made any appearance of any kind in court in this case until the filing of this application for a restraining order and injunction on the ground of defective citation.

There was no citation or service on "Frank Melat, Consolidated," in the suit of W. M. Cooper v. Frank Melat, Consolidated, No. 11399 on the docket of the Eleventh district court, Sabine parish, La., and the judgment in that case is a nullity, and it is hereby declared to be null and void.

It therefore follows that the judgment of the lower court is incorrect and is hereby reversed; and it is now ordered, adjudged, and decreed that there be judgment in favor of Frank Melat, Consolidated, and E. F. Neely, and against W. M. Cooper and E. L. Edwards, sheriff of Sabine parish, La., forever enjoining and restraining them from proceeding further under the execution issued in case of W. M. Cooper v. Frank Melat, Consolidated, No. 11399 on the docket of the Eleventh district court, Sabine parish, La.; all costs to be paid by respondent W. M. Cooper.