LOTTINGER, Judge.
This is an appeal by the plaintiffs from a summary judgment rejecting their demands. The plaintiffs, Mrs. Margie Thompson Compton, surviving spouse, and the heirs of Arthur C. Compton, filed a death action against The Travelers Insurance Company, the workmen’s compensation insurer of, and Babcock and Wilcox Company, Crown Zellerbach Corporation and Kenneth W. Doyle. The death action is grounded on the facts that during the course and scope of the employment of Arthur C. Compton, by Babcock and Wilcox Company, the deceased was accidently killed on the premises of Crown Zellerbach Corporation while reworking a boiler belonging to Crown Zellerbach. The Travelers Insurance Company had been paying workmen’s compensation benefits to the heirs of the deceased as well as his surviving widow.
Considering these facts, the defendants on October 9, 1969, filed a “Motion for Summary Judgment” together with supporting affidavits and a brief, and a hearing was set for October 17, 1969, ordering the plaintiffs to show cause why a motion for summary judgment should not be granted. On the date set for the hearing, the plaintiffs appeared through their attorney, and the minutes of the Court reflect that the Court ordered the matter submitted on memorandum, and granted the attorney for the plaintiffs 30 days in which to file a brief. Nowhere in the record are there any opposing affidavits filed by the plaintiffs to the motion for summary judgment on or before October 17, 1969.
On November 21, 1969, more than 30 days after October 17, 1969, this matter was brought to the Lower Court’s attention and the minutes of the Lower Court reflect that in view of the fact that counsel for plaintiff was given 30 days in which to file opposition to defendants’ motion for summary judgment and has failed to do so, the Court signed summary judgment herein. The summary judgment in favor of the defendants was signed and filed at 11:00 o’clock A.M. on November 21, 1969, and at 3:00 o’clock P.M. on the same day, and after the signing of the summary judgment, counsel for plaintiffs filed an opposition to the motion for summary judgment. On March 4, 1970, notice of judgment was served on counsel for plaintiffs. On March 9, 1970, plaintiffs moved for and were granted this appeal. The appeal bond was filed on April 1, 1970.
A motion to dismiss the appeal was filed herein and referred to the merits. The defendants contended that the Lower Court did not take this matter under advisement, that plaintiffs were not entitled to notice of judgment, and that the delays for a new trial began to run the day after the judgment was signed, and therefore the appeal was perfected more than 90 days after the delays for a new trial had expired, and the appeal was therefore not *399 timely filed. We are of the opinion that advisement under C.C.P. 1913 means careful consideration, and taking a case under advisement means taking time after the trial to give a case consideration before rendering a decision. We concluded that when the Trial Judge allowed plaintiffs’ attorney to file a memorandum, since defendants’ attorney had filed a brief and affidavits before trial, that it was the intention of the Trial Judge to decide the case after study of the affidavits and briefs. It is our opinion that this constituted a taking of a case under advisement, even though it may not have been fully submitted. We therefore find that plaintiffs were entitled to notice of judgment and that the delays for appeal did not begin to run until service thereof. The appeal was therefore timely perfected and the motion is hereby denied.
LSA-C.C.P. Article 966 provides:

"Art. 966. Motion for summary judgment; procedure

The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. As amended Acts 1966, No. 36 § 1.”
LSA-C.C.P. Article 967 provides :

Same; affidavits Art. 967.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.

When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.

If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney’s fees. Any offending party or attorney may be adjudged guilty of contempt. As amended Acts 1966, No. 36, § 1.” (Italics ours)
LSA-C.C.P. Article 967 is very clear in that an opponent to a “Motion for *400 Summary Judgment” cannot simply depend on the allegations in his pleading when the motion for summary judgment is supported by affidavits. As of the date of the hearing, October 17, 1969, the plaintiff had filed no supporting affidavits in opposition to the motion for summary judgment. Even after the Trial Court allowed an additional 30 days for the filing of a brief in opposition thereto, none was filed within the time allowed. Considering the above circumstances, and the fact that the Trial Judge had been presented with a motion for summary judgment as well as supporting affidavits, and no affidavits were filed in opposition, we can find no error on the part of the Trial Court in granting the summary judgment.
As to whether the granting of the motion for summary judgment was correct, we need merely make reference to Goodwin v. United States Rubber Company and The Travelers Insurance Company, 186 So.2d 356, La.App. 1st Cir. (1966) wherein we held such a judgment to he correct under most similar circumstances.
Therefore for the above and foregoing ■ reasons, the judgment of the Trial Court is affirmed, all costs of this appeal to be paid by plaintiffs-appellants.
Judgment affirmed.