332 So.2d 591 (1976)
Floyd A. RUE, Jr.
v.
Emmanuel K. MESSMER and Protective National Insurance Co.
No. 7223.
Court of Appeal of Louisiana, Fourth Circuit.
May 18, 1976.
Rehearing Denied June 9, 1976.
John G. DeRussy, New Orleans, for plaintiff-appellant.
Bernard, Micholet & Cassisa, Steven N. Elliott, New Orleans, for defendant-appellees.
Before SAMUEL, STOULIG and BOUTALL, JJ.
SAMUEL, Judge.
On June 6, 1974 plaintiff filed this suit for personal injuries and property damage allegedly sustained in a two car automobile collision. Named defendants were Emmanuel K. Messmer, the driver of the defendant car, and his alleged liability insurer, Protective National Insurance Company, a foreign corporation. On June 7, 1974, service of plaintiff's petition was *592 made on the defendant insurance company, through the Secretary of State. On June 10, 1974 personal service was effected on Emmanuel K. Messmer. On December 18, 1974, plaintiff entered a preliminary default against both defendants,[1] and subsequently confirmed that default on January 21, 1975. Judgment in the amount of $2,684.40 plus costs was read, rendered and signed on January 23, 1975.
On March 13, 1975 Protective filed what it titled a "MOTION TO SET ASIDE JUDGMENT AND FOR NEW TRIAL". The motion admits service through the Secretary of State but avers the mover had never been served with a notice of judgment and had no knowledge thereof until March 5, 1975 when plaintiff's counsel sent a copy of the judgment to Protective. The motion further avers Messmer's insurance with Protective had been cancelled at Messmer's request prior to the date of the collision. The trial court ordered plaintiff to show cause why the judgment should not be set aside and a new trial granted.
After hearing the rule, the court sustained the motion and rendered judgment setting aside and annulling the default judgment as to Protective and ordering a new trial as to that defendant. Plaintiff has appealed from that judgment.
The primary question presented is whether or not the application for a new trial was made timely. If notice of the signing of the default judgment against the foreign insurer-defendant is required by our law, the delay for applying for a new trial had not expired because that delay commences to run only on the day after the clerk has mailed the notice of judgment, no such notice was mailed, the application was timely made, and the judgment granting the new trial will not be disturbed; on the other hand, if such notice is not required, the delay for applying for a new trial had expired, the default judgment had become final, and the only recourse then open to the appellee was an action for nullity of judgment.[2]
Our only law requiring notice of the signing of a final judgment is Code of Civil Procedure Article 1913. That article reads:
"Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.
Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record.
The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
Except as otherwise provided in the first three paragraphs of this article, notice of the signing of a final judgment is not required." LSA-C.C.P. Art. 1913.
The last paragraphs of Article 1913 provides that notice of the signing of a final judgment is not required unless otherwise provided in the first three paragraphs of *593 the article. Therefore, as the second and third paragraphs obviously do not refer to default judgments and therefore are inapplicable here, unless the first paragraph requires notice of the signing of the default judgment in this case, no such notice was required.
In our opinion, the first paragraph does not require that the present defendant be served with notice of the signing of the default judgment. In pertinent part the "Explanatory Note" under Article 1913 states the article was amended ". . . to eliminate the requirement of notice of the signing of a final judgment except where a default judgment was based on domiciliary service, . . ." (emphasis ours).
Domiciliary service cannot be made on a corporation. Code of Civil Procedure Article 1234 provides:
"Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing therein as a member of his domiciliary establishment." LSA-C.C.P. Art. 1234.
A corporate entity does not have a "dwelling house or usual place of abode" nor does it have a "domiciliary establishment". This conclusion coincides with Louisiana jurisprudence decided prior to the enactment of our present Code of Civil Procedure. In Frank Melat v. Cooper, La.App., 150 So. 432, one Frank Melat was the corporate defendant's authorized agent for service of process. Service of citation and petition was made on Melat by handing certified copies thereof to a Mrs. J. E. McAneny, an adult living in the same house with Melat. In holding the service was illegal and rendered the judgment based thereon null and void, the court stated that there is no provision in our law for substituted service by making domiciliary service upon a corporation's agent for service. Insofar as we are informed, our law has not been changed in that regard.
In addition, the first paragraph requires that a defaulted defendant who was not served personally shall be served with notice of the signing of the judgment by the sheriff. Obviously, a foreign corporation cannot be served by a Louisiana sheriff who has no authority to make service beyond this state's boundaries.
Thus, the first paragraph of Article 1913 cannot refer to a foreign corporation unless service of citation upon such a corporation's agent for service of process is a personal service within the purview of the paragraph. Within that purview, we believe such a service is a personal service.
Code of Civil Procedure Article 1261 provides:
"Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process." LSA-C.C.P. Art. 1261.
Article 1261 clearly states service of process on a corporation is made by "personal" service on its agent for service of process. And Article 1232 of the Code of Civil Procedure provides personal service is made ". . . when a proper officer tenders the citation or other process to the person to be served." When serving a corporation the "person to be served" is the corporation's agent for service of process.
As proper service of citation was made in this case on the Secretary of State, the foreign insurer-defendant's statutory agent for service of process under Revised Statute 22:985, notice of the signing of the default judgment was not required.
For the reasons assigned, the judgment appealed from is reversed and the motion for a new trial is denied. All costs in both courts are to be paid by the defendant-appellee.
ANNULLED AND SET ASIDE.
NOTES
[1] A preliminary default also was entered against both defendants on July 30, 1974.
[2] See LSA-C.C.P. Arts. 1974, 1913, 2001-2006.