CHIASSON, Judge.
This matter is before us on a motion to show cause why defendants’ appeal should not be dismissed because not perfected timely.
The record reflects the following chronology of events:
(1) Plaintiff filed petition against defendants on May 14, 1975;
(2) Defendants were personally served with a copy of the petition through their agents for service of process, as follows:
a. Nelkin Insurance Agency, Inc. on May 16, 1975
b. Appalachian Insurance Company on May 20, 1975
(3) Confirmation of default judgment was rendered and signed against both defendants on July 11, 1975;
(4) Motion for new trial filed by defendants on November 14, 1975;
(5) Supplemental and amended motion for new trial and alternative petition to annul judgment and for injunction filed on March 18,1976, and fixed for trial on March 19, 1976;
(6) Judgment rendered and signed on motion for new trial and alternative petition to annul judgment on March 19, 1976;
(7) Motion for suspensive appeal and order thereon filed on April 15, 1976, granting suspensive appeal from judgment rendered and signed on March 19, 1976, and from judgment rendered and signed on July 11,1975;
(8) Appeal bond filed on April 15, 1976.
JUDGMENT OF JULY 11, 1975
No notice of judgment to the defendants or their counsel was required. Code of Civil Procedure, Article 1913. The delay for applying for a new trial, therefore, commenced to run on the 14th day of July, 1975, the day after signing of the judgment, exclusive of legal holidays. Since the motion for new trial was not filed within the delays provided for by the Code of Civil Procedure, Article 1974, the application for a new trial was untimely.
The delay for a suspensive appeal began to run on July 23,1975, and ended on August 21, 1975. Code of Civil Procedure, Articles 2123 and 1974. The suspensive appeal, as to the judgment of July 11, 1975, was untimely and is therefore dismissed.
JUDGMENT OF MARCH 19, 1976
The suspensive appeal from the judgment of March 19, 1976, filed on April 15,1976, was timely as was the appeal bond.
With regard to the appeal taken from the judgment denying defendants’ alternative petition to annul judgment, the suspensive appeal was timely and is therefore maintained.
With regard to the suspensive appeal taken from the judgment denying defendants’ motion for a new trial, the appeal is dismissed. Article 2083 of the Louisiana Code of Civil Procedure provides:
*1232 “An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
The judgment denying a motion for a new trial is interlocutory in nature and can only be appealed upon a showing of irreparable injury. Price v. Price, La.App., 272 So.2d 388. No such showing has been made in this case. Further, the judgment of July 11, 1976, having become executory on August 22, 1975, cannot be stayed merely by the filing of an untimely motion for a new trial.
For the foregoing reasons, the appeal is maintained as to the judgment denying defendants’ alternative petition to annul the judgment of July 11, 1975, and in all other respects, the appeal is dismissed.
APPEAL MAINTAINED IN PART AND DISMISSED IN PART.