PER CURIAM.
After a preliminary review of the record, this court notified plaintiff-appellant, through counsel, of a probable lack of jurisdiction due to failure of the appellant to timely perfect the appeal and ordered the appellant to show cause within ten days why the appeal should not be dismissed. The delay has expired and appellant has not responded.
The judgment appealed from was signed and filed on May 5, 1976, and notice of judgment was mailed that date. On May 17,1976, defendant filed a motion for a new trial. The motion for new trial was denied as not timely filed and judgment denying the motion was signed July 15, 1976. On that same date, plaintiff moved for and was granted a devolutive appeal with bond fixed at $400. Plaintiff filed a devolutive appeal bond on September 10, 1976.
The appeal bond recites that judgment was rendered against plaintiff on July 15, 1976, indicating the bond was furnished as security for an appeal from the judgment of that date denying defendant’s motion for new trial. The judgment denying the motion for new trial was in favor of, not against plaintiff. Further, in the absence of a showing of irreparable injury, not present in this case, a judgment denying an application for new trial is not appealable. State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481 (1945); Chauvin v. Nelkin Insurance Agency, Inc., 337 So.2d 1230 (La.App. 1st Cir. 1976); Price v. Price, 272 So.2d 388 (La.App. 1st Cir. 1972). The appeal taken by plaintiff must be considered as an appeal from the first judgment of May 5, 1976. y
The appeal was not timely perfected. LSA-C.C.P. Art. 2087 provides that the delay for appeal begins to run at the expiration of the delay for applying for a new trial, if no application has been filed timely. The motion for new trial was not filed within seven days of notice of judgment as required by LSA-C.C.P. Art. 1974, and was not timely. The time for applying for a new trial expired on May 14, 1976, from which time plaintiff had ninety days to perfect the appeal. The appeal bond was not filed until September 10, 1976, almost four months after the delay began to run. The filing of an appeal bond is an essential step in perfecting an appeal and unless the bond is filed timely the appellate court lacks jurisdiction to hear the appeal. Guilliot v. City of Kenner, 326 So.2d 359 (La. 1976).
For the reasons assigned, the appeal is dismissed at appellant’s costs.
Appeal dismissed.