345 So.2d 132 (1977)
L. T. CHAUVIN
v.
NELKIN INSURANCE AGENCY, INC., et al.
No. 11218.
Court of Appeal of Louisiana, First Circuit.
March 21, 1977.
Rehearing Denied May 9, 1977.
Writ Refused June 30, 1977.
Dale P. Martin, Lippman, Hunter & Rawls, Morgan City, for plaintiff.
Richard L. Bodet, New Orleans, for defendants.
Before ELLIS, CHIASSON and PONDER, JJ.
ELLIS, Judge.
In this suit, plaintiff L. T. Chauvin seeks damages arising from the alleged failure of Nelkin Insurance Agency, Inc. to obtain hull insurance on the plaintiff's vessel "Jody Beth". Defendants are the Nelkin agency and Appalachian Insurance Company, its errors and omissions insurer. Personal *133 service was obtained on Nelkin on May 15, 1975, and service was made on Appalachian, through the Secretary of State on May 20, 1975. On June 27, 1975, a preliminary default was entered as to both defendants. Judgment by default was confirmed on July 11, 1975, against both defendants, in solido, for $10,128.47. Since personal service was made on both defendants, no notice of judgment was required. Article 1913, Code of Civil Procedure.
On November 7, 1975, on motion of both defendants, a new trial was applied for, and a hearing set for November 21, 1975. A number of continuances were granted at the instance of defendants, the last of which fixed the matter for March 19, 1976. On March 18, 1976, defendants filed a pleading styled "Supplemental and Amended Motion for New Trial and Alternative Petition to Annul Judgment and for Injunction." In the pleading, defendants ask for a temporary restraining order and preliminary injunction to stay the execution of the July 11, 1975, judgment; for judgment declaring the said judgment null; and for a rule to show cause why the said judgment should not be annulled, and a new trial granted. An order was signed setting the case for trial on March 19, 1976.
After a hearing, judgment was rendered denying the motion for a new trial and the alternative petition to annul. From that judgment, plaintiff has perfected a suspensive appeal. By judgment of this court, dated September 20, 1976, the appeal was limited to the dismissal of the alternative petition to annul. Chauvin v. Nelkin Ins. Agency, Inc., 337 So.2d 1230 (La.App. 1st Cir. 1976).
We recognize that, ordinarily, a suit for nullity is by ordinary rather than summary process, subject to the usual delays for citation, service of process and answer. However, in this case, defendants chose to use summary process, and no objection was made by either party to holding the hearing on March 19, 1976. Plaintiff's counsel made it clear in his argument to the court that he was asking the court to rule on his "Alternative Petition for Nullity".
When it was pointed out by opposing counsel that no evidence had been adduced by defendant in support of their nullity action, defendants' counsel said:
"Your Honor, we are asking the Court to make a determination on the petition to set aside the judgment. We are not asking the Court to consider any evidence which we failed to present; but rather, we are attacking the plaintiff's proof of his claim. The proof of his claim had to necessitate him saying that there was no policy issued and that there is not in fact a policy and it also had to include a presentation to this court that this matter was not prescribed on its face. We suggest to the Court that both of those things do exist. There is in fact a policy, and we offer, file and introduce into the record our memorandum with attached deposition of Mr. Nelkin, with the attached insurance policy issued by Reliance Mutual of America, Inc. to Mr. Chauvin, as well as the insurance policy of the Appalachian Insurance Company. That is what we are asking the Court to decide on; not the fact that we failed to produce evidence but the fact that the plaintiff could not have possibly sustained a burden of proof in his case originally because, had the Court known that there was a policy, then it could not have rendered a judgment against a defendant saying that he negligently failed to obtain one."
The two documents offered in evidence by defendants were excluded by the court because both were Xerox copies, not properly certified or otherwise identified. Defendants' counsel's request that he be given time within which to produce the original documents, was denied. The court then ruled that there was no evidence of fraud or ill practice, and that defendants were not entitled to have the July 11, 1975, judgment annulled.
Article 2004 of the Code of Civil Procedure provides as follows:
"A final judgment obtained by fraud or ill practices may be annulled."
*134 As we stated in Alleman v. Guillot, 225 So.2d 607 (La.App. 1st Cir. 1969):
"(1) The applicable rule is that fraud which justifies annulment of a judgment is not confined to conduct which is fraudulent in the strict sense of the term. The provisions of LSA-C.C.P. 2004 are not limited to cases of actual fraud or intentional wrongdoing but encompasses those situations wherein judgment is obtained through some improper practice or procedure which operates, even innocently, to deprive the party cast of some legal right, and where enforcement of the judgment would be unconscientious and inequitable. St. Mary v. St. Mary, La.App., 175 So.2d 893, and authorities therein cited.
"Each such case must be considered from the viewpoint of whether under its own peculiar circumstances, it would be inequitable or unconscionable to permit the judgment to stand considering the procedure or practice employed therein. Dare v. Myrick, La.App., 168 So.2d 845, and cases therein cited.
"(2) Also applicable herein is the well established principle that an action of nullity may not be substituted for nor take the place of an appeal. Romero v. Galley, La.App., 79 So.2d 625.
"(3) In confirming judgment by default plaintiff is not obligated to disclose possible defenses which may be raised by his adversary in the event he makes an appearance. Scruggs v. Butler Furniture Co., Inc., La.App., 104 So.2d 178. Neither does the fact that a plaintiff presents merely his own version of the controversy and fails to disclose a contrary position or view held by defendant, constitute fraud or ill practice, provided he does not present his contentions on false, fabricated or perjured testimony. Romero v. Galley, La.App., 79 So.2d 625."
The only "ill practice" alleged by defendants is that the judgment must have been based on false or perjured testimony. He alleges that, had he been permitted to introduce the insurance policy and the deposition of Mr. Nelkin, it would have proved that a hull insurance policy covering the "Jody Beth" was, in fact, obtained by the Nelkin agency. He further alleges that the only way that plaintiff could have won the case, even by default, was to testify that no policy was issued, and that his evidence would have proved that evidence to be false.
However, plaintiff's petition alleges that a policy was delivered to him by Nelkin, but that no such policy was ever actually issued by the insurance companies, which had denied coverage when a claim was made. Plaintiff's petition therefore admits the fact which defendants sought to prove, and they could not have been prejudiced by the ruling of the trial judge. The claim that the judgment must have been obtained on false or perjured testimony is also without merit, because plaintiff must have proven the allegations of his petition in order to have judgment rendered in his favor.
Defendants' contention that the action filed by plaintiff was prescribed cannot be considered. The judgment in question is final, was never properly appealed, and, as we have found, can not be nullified. The argument comes too late.
The judgment appealed from is therefore affirmed, at defendants' cost.
AFFIRMED.