GUIDRY, Judge.
MOTION TO DISMISS
The proponent-appellee, Alpha Washington Shavers, moves to dismiss the devol-utive appeal of the opponents-appellants, Charlie Shavers and Darlene Shavers, on the grounds that the appellants’ appeal was not timely perfected. The Motion is opposed.
We dismiss the appellants’ appeal.
This is an appeal from a judgment discharging the administratrix, Alpha Washington Shavers, and sending the heirs into possession of the estate of the decedent, Thomas D. Shavers. Trial was had, and a formal judgment was read and signed, on the same date, January 6,1977. Neither of the opponents, nor their counsel, were present at the hearing, although the opponents were personally served, and had filed an “Answer and Opposition.” No notices of judgment were mailed by the Clerk until April 12, 1977.
On April 26, 1977 the opponents moved for and were granted a devolutive appeal, returnable to this court on June 24, 1977. Bond was set at $750.00. The opponents filed their appeal bond on June 3, 1977.
Concededly, unless the opponents were entitled to receive notice of the January 6, 1977 judgment, and the time in which they had to perfect their appeal did not start to run until then, April 12, 1977, the opponents’ appeal from the January 6, 1977 judgment of possession was not timely perfected under LSA-C.C.P. Arts. 2087 and 1974.
The appellee argues that since the opponents were personally served it was not required that they be sent a notice of judgment under LSA-C.C.P. Art. 1913. We agree.
Article 1913 of the Code of Civil Procedure provides as follows:
“Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.
Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record.
*917 The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
Except as otherwise provided in the first three paragraphs of this article, notice of the signing of a final judgment is not required.”
It is well settled that there is no requirement that notice of a default judgment be served on a defendant upon whom citation was served personally. Thibodeaux v. Thibodeaux, 326 So.2d 408 (La.App. 3rd Cir. 1977), and Midland Discount Company v. Phillips, 196 So.2d 832 (La.App. 3rd Cir. 1967).
Since the opponents were not entitled to notice, the time in which they had to perfect their appeal began to run the day after the judgment was signed, January 7, 1977, and expired under LSA-C.C.P. Arts. 2087 and 1974 on March 18,1977. Since the opponents’ appeal was not perfected until June 3, 1977, when they filed their appeal bond, their appeal was not timely perfected.
For the reasons assigned the devolutive appeal of the opponents-appellants is hereby dismissed. The opponents are hereby east for all costs of this appeal.
APPEAL DISMISSED.