351 So.2d 844 (1977)
James D. WILLIE
v.
OTASCO and Insurance from CNA.
No. 11528.
Court of Appeal of Louisiana, First Circuit.
October 17, 1977.
Mike J. Balen, James R. Jenkins, Covington, for plaintiff, appellee.
Frederick R. Bott, New Orleans, for defendants, appellants.
Before LOTTINGER, EDWARDS and PONDER, JJ.
EDWARDS, Judge.
This is a suit for workmen's compensation benefits brought by James D. Willie against Otasco and Insurance from CNA. The trial court rendered a default judgment; and the defendants have appealed.
This case was before us previously on a motion to dismiss the appeal, Willie v. Otasco, 347 So.2d 1215 (La.App. 1st Cir. 1977). At that time, we dismissed the defendants' suspensive appeal as untimely, but maintained their devolutive appeal. The case is now before us for consideration on the merits.
Our re-examination of the record has revealed a further defect in defendants' appeal, not raised at the motion to dismiss, which necessitates that we dismiss the appeal. We lack jurisdiction to hear the appeal as we now find that the appeal bond was not filed timely.
The chronology of this suit indicates that plaintiff filed his petition on June 4, 1976. On November 2, 1976, plaintiff caused a preliminary default to be entered against the defendants because they had failed to file an answer. On November 12, 1976, counsel for plaintiff proceeded to confirm the default and the judgment was signed that date. Notice of judgment was subsequently served on the defendants on December 2nd and 3rd 1976.
*845 On December 8, 1976, defendants filed a motion for a new trial. This motion was denied on January 14, 1977.
The defendants filed their appeal bond on February 14, 1977.
We find that the defendants were not entitled to notice of the default judgment, though such notice was actually sent.
Notice of the signing of a default judgment against a defendant, who filed no exceptions or answer, is required only when the defendant has not been served personally. LSA-C.C.P. art. 1913. In the instant case, both defendants received personal service. Rue v. Messmer, 332 So.2d 591 (La.App. 4th Cir. 1976), writ denied 337 So.2d 525 (La.1976). Consequently notice of judgment was not required.
Therefore, the delay for applying for a new trial began on November 15, 1976 and expired on November 23, 1976. LSA-C.C.P. art. 1974. No application for a new trial was filed timely.
The delay for perfecting an appeal began on November 24, 1976, since no application for a new trial was filed timely. LSA-C.C.P. art. 2087(1).
The untimely application for a new trial, filed December 8, 1976, did not affect, interrupt or extend the delay for appealing. Reeves v. Reeves, 315 So.2d 162 (La.App. 1st Cir. 1975).
The last day on which the defendants could have perfected their devolutive appeal was January 24, 1977. However, they did not file their appeal bond until February 14, 1977, which was 21 days too late.
As no appeal bond was filed timely we lack jurisdiction to hear the appeal. Something Irish Co. v. Rack, 333 So.2d 773 (La.App. 1st Cir. 1976); LSA-C.C.P. art. 2088.
For the above reasons, the appeal is dismissed at appellants' cost.
APPEAL DISMISSED.