ON MOTION TO DISMISS
SCHOTT, Judge.
On our own motion we questioned our jurisdiction over this appeal from a default judgment taken against the defendant in the First Parish Court for the Parish of Jefferson. Defendant did not apply for a new trial and the following chronological developments are pertinent:
*79 February 8,1978 - Personal service on defendant’s agent for service of process.
March 3,1978 - Default judgment taken against defendant.
May 10,1978 - Petition for suspensive appeal filed and appeal bond posted by defendant.
The delay for taking an appeal from a judgment of the First Parish Court is ten days from the expiration of the three day period allowed for the filing of an application for a new trial. See LSA-C.C.P. Arts. 5002 and 4898 and R.S. 13:2561.10.
Appellant takes the position that the delays for the filing of the application for a new trial and the taking of the appeal never commenced to run because appellant was not served with a notice of judgment which appellant contends was required by C.C.P. Art. 4898. This provides:
“Notice of judgment shall be served on a defendant against whom judgment is rendered if the citation was not served on him personally, and he failed to answer. “Notice of judgment need not be given in any other case.”
The record shows that the citation was served on appellant through its agent for the service of process, T. T. Corporation System. The issue before us is whether this constituted personal service under Art. 4898 with the result that notice of judgment was not necessary.
In Rue v. Messmer, 332 So.2d 591 (La. App. 4th Cir. 1976) we held that service of citation on the Secretary of State as the statutory agent for the service of process of a foreign insurer was equivalent to personal service so that notice of the signing of the default judgment was not required. We see no distinction in the case of the registered agent for service of process for a corporation and reach the same conclusion that no notice of judgment was required in this case.
Accordingly, the appeal is dismissed.
APPEAL DISMISSED.