380 So.2d 176 (1979)
Dwayne Allen TAYLOR
v.
Debra Dykes TAYLOR (or Darlene Dykes Taylor).
No. 12950.
Court of Appeal of Louisiana, First Circuit.
December 27, 1979.
Earl Harrison, Baton Rouge, of counsel for plaintiff-appellee, Dwayne Allen Taylor.
*177 Patsy Jo McDowell, Baton Rouge, of counsel for defendant-appellant, Debra Dykes Taylor or Darlene Dykes Taylor.
Before COVINGTON, LOTTINGER and COLE, JJ.
COLE, Judge.
On October 25, 1978, the trial court granted the plaintiff a final divorce from the defendant. The judgment further decreed that the defendant have custody of the minor child, Stacy Marie Taylor, issue of the marriage. A few weeks later, plaintiff initiated proceedings to obtain custody of the child. He was successful and on March 22, 1979, judgment was signed awarding him custody. The judgment also provided that the child was to remain a ward of the court and under its protective supervision. To implement this, employees of the Office of Family Security, Louisiana Department of Health and Human Resources, were ordered to periodically visit plaintiff's home and render regular reports on the status of the child.
An action for nullity of the divorce judgment was filed by defendant on April 2, 1979; and, on the same day, she filed a motion seeking a new trial on the issue of custody. The motion for a new trial was denied on April 12th. At that time the court provided for probation personnel of the Family Court Center to make periodic visits to the homes of both plaintiff and defendant and report regularly thereon to the court and counsel. The action for nullity of the divorce decree, after a later hearing, was dismissed by signed judgment on June 27th. Defendant appealed therefrom the same day. This particular appeal, upon motion of defendant, was dismissed by us after the record was lodged and briefs filed but before submission for decision.
A minute entry and a notice of appeal in the record reflect that an appeal was also entered on May 3rd from both the judgment of March 22nd awarding custody to the plaintiff-father and from the residual judgment of April 12th denying the motion for a new trial. The appeal was obviously made upon oral motion of counsel for defendant and was misunderstood by the court. The defendant alleges only that error was committed by the trial court in not granting a new trial on the issue of custody.
Defendant's brief states her position:
"No appeal was taken in this matter from the Judgment of the lower court awarding custody to the father. A simple perusal of the record shows there would be no point in doing so: the father is shown in the most glowing terms and the mother is shown in the worst possible light.
The appeal is taken from the denial of the Motion for New Trial."
We, therefore, treat this appeal as one attempting to raise the issue of whether the trial court should have granted a new trial on the question of child custody. To the extent the appeal, as entered, also placed before us the issue of custody, we conclude defendant abandons this phase of appellate review.
An appeal may be taken from a final judgment rendered in causes in which appeals are given by law, and from an interlocutory judgment which may cause irreparable injury. C.C.P. art. 2083.
A judgment denying a motion for a new trial is interlocutory in nature and can only be appealed on a showing of irreparable injury. Chauvin v. Nelkin Insurance Agency, Inc., 337 So.2d 1230 (La.App. 1st Cir. 1976).
The circumstances of this case negate irreparable injury. The trial judge, at the time he awarded custody to the father, and again when he denied the motion for a new trial, very wisely provided for professional child care personnel to monitor the circumstances of both parents and make periodic reports to the court and counsel. This insures the well being of the child and permits the court to take immediate action should the best interests of the child be prejudiced by its custodial care.
For the foregoing reasons, this appeal is dismissed. Appellant is cast for all costs incurred on appeal.
DISMISSED.