JOHN S. COVINGTON, Judge.
This is a suit to collect amounts owing on an option and revolving installment account opened by defendant, Michael Reese, with plaintiff, D.H. Holmes Co., Ltd. Plaintiff appealed a judgment rendered in its favor by the City Court of Houma, which awarded plaintiff the amount sued for, but granted a credit to defendant and split court costs between the parties. We noticed ex profirió motu that the appeal appeared to be untimely. Accordingly, we issued a show cause order to the parties, requesting that they show cause, by briefs, why the appeal should not be dismissed as untimely. Plaintiffs response having failed to persuade us otherwise, we conclude that the record clearly shows that the appeal was untimely. We thus lack jurisdiction to hear the appeal and it must be dismissed.
The record shows that plaintiff moved for summary judgment in this matter and a hearing was held on the motion August 29, 1983. The trial judge took the motion under advisement and on September 15, 1983, rendered and signed a judgment in plaintiffs favor, granting the motion for summary judgment. The record reveals that notice of judgment was served on counsel for plaintiff September 21, 1983. On October 7, 1983, plaintiff filed a motion for new trial. A hearing was held on the motion November 3, 1983 and the trial judge took the motion under advisement. On December 14, 1983, judgment was rendered and signed denying plaintiffs motion for new trial. Notice of this judgment was mailed to the parties on December 15, 1983 and on December 27, 1983, plaintiff requested written reasons for judgment. These were issued by the trial judge on January 13, 1984. Not until February 28, 1984 did plaintiff file a motion for devolutive appeal of the trial court’s judgment of September 15, 1983.
Procedure in trial courts of limited jurisdiction is governed generally by LSA-C. C.P. arts. 4831-5011. This being -a city court case involving more than $1,000 but less than $5,000, the procedure is governed by LSA-C.C.P. arts. 4911-4920. See LSA-C.C.P. art. 4902.
Article 4919 provides that a party may make a written request or motion for new trial after judgment is signed in city court, for any of the grounds provided by LSA-C. C.P. arts. 1972 and 1973. However, the delay for applying for a new trial in city court is only three days, exclusive of holidays. Where notice of judgment is required, this delay begins to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment. LSA-C.C.P. art. 4919.
In the instant case, notice of judgment was served on plaintiffs counsel September 21, 1983, yet plaintiff did not apply for a new trial until October 7, 1983. The motion for new trial was thus untimely under the provisions of LSA-C.C.P. art. 4919.
LSA-C.C.P. art. 5003 provides that if no application for new trial is timely filed, the delay for appealing from a judgment rendered by a city court is ten days from the date of judgment or from service of notice of judgment, when such notice is necessary. An untimely application for new trial does not affect, interrupt or extend the delay for appealing. Howard v. Hercules-Gallion Co., 417 So.2d 508 (La.App. 1st Cir.1982); Willie v. Otasco, 351 So.2d 844 (La.App. 1st Cir.1977). Since plaintiff failed to timely file an application for new trial, the delay for perfecting an appeal in the instant case began on September 22, 1983, the day after plaintiff was served with notice of judgment. Plaintiffs motion for devolutive appeal, filed February 28, 1984, was clearly untimely under the provisions of LSA-C.C.P. art. 5003.
Responding to our show cause order, plaintiff asserted in its brief that its motion for appeal was received by the clerk of the city court on January 24, 1984, but not “processed” until February 28, 1984. Whether such was the case or not, the *247 record shows only that the motion and order for devolutive appeal was filed by the clerk on February 28, 1984. Even if plaintiffs assertion was substantiated, the appeal still would have been untimely.
Counsel’s argument in brief further reveals that he is under the mistaken impression that the delay for filing plaintiffs appeal commenced upon service on plaintiff of the trial judge’s written reasons for denying the motion for new trial. The written reasons for judgment are to be distinguished from the judgment itself. LSA-C.C.P. art. 1917. As explained above, because the application for new trial was untimely, the delay for perfecting an appeal from the judgment of September 15, 1983 began the day after plaintiff’s counsel was served with notice of judgment on September 21, 1983.
Since plaintiff failed to appeal within the delay allowed by law, this court is without jurisdiction to hear this appeal, and the appeal shall be dismissed at plaintiff’s costs. LSA-C.C.P. art. 2162.
APPEAL DISMISSED.