SAVOIE, Judge.
This court issued a Show Cause Order, ex proprio motu, ordering the parties hereto to show cause why this appeal should not be dismissed on the basis of prematurity. As we noted in the Order, this appeal would be premature if defendant’s motion for new trial (which has apparently never been acted upon by the trial *124 court) was timely. See Oliver v. Oliver, 411 So.2d 596 (La.App. 1st Cir.1982).
As originally lodged with this court, the record did not contain sufficient information as to service of the petition for us to determine the timeliness of the motion for new trial. However, the record has since been supplemented with the relevant sheriffs returns enabling us to rule on this issue.
The pertinent dates and events are as follows:
November 19,1982 — Petition and citation personally served by sheriff.
December 20, 1984 — Default judgment rendered and signed.
December 31, 1984 — Notice of judgment personally served by sheriff.
January 7, 1985 — Motion for new trial filed.
February 21, 1985 — Motion for appeal signed.
Notice of the signing of a default judgment against a defendant who has filed no exceptions or answer is required only when the defendant has not been personally served with citation. La.C.C.P. art. 1913. Since defendant herein received personal service, notice of judgment was not required. Willie v. Otasco, 351 So.2d 844 (La.App. 1st Cir.1977); Shavers v. Shavers, 350 So.2d 915 (La.App. 3rd Cir.1977).
The gratuitous service of notice of judgment, when notice is not required, does not extend the time within which an application for a new trial may be filed. See Howard v. Hercules-Gallion Co., 417 So.2d 508 (La.App. 1st Cir.1982); Willie v. Otasco, supra. Therefore, the delay for applying for a new trial began on December 21, 1984 and expired on January 4, 1985. La.C.C.P. art. 1974.
Consequently, the application for new trial filed on January 7, 1985 was untimely. An untimely application for new trial does not affect, interrupt or extend the delay for appealing. Willie v. Otasco, supra. Therefore, defendant did not prematurely perfect its appeal.
For the foregoing reasons, the motion to dismiss is denied.
MOTION DENIED.