LeBLANC, Judge.
This court issued, ex proprio motu, an order directing the parties to show cause why this appeal should not be dismissed because it was taken untimely.
The record reveals the following pertinent dates and facts:
June 5, 1987 — The motion for summary judgment filed by defendant General Accident Insurance Company of America was scheduled to be heard.
The case was submitted on memoranda.
June 15, 1987 — The trial court rendered and signed the summary judgment dismissing plaintiffs’ claims against defendant.
June 24, 1987 — The clerk of court mailed the notice of judgment to the parties.[1]
June 25, 1987 — The seven-day delay for applying for a new trial commenced. La.Code Civ.P. art. 1974.
July 6, 1987 — The new trial delay expired.[2]
July 7,1987 — Plaintiffs filed a motion for a new trial which was untimely.
The sixty-day devolutive appeal delay commenced. La.Code Civ.P. art. 2087.
September 4, 1987 — The devolutive appeal delay expired.
September 16, 1987 — Plaintiffs filed a motion for a devolutive appeal, and the trial court signed the order granting their appeal.
Because plaintiffs’ motion for a new trial was not timely filed, their appeal was also not timely perfected. An untimely application for a new trial does not affect, interrupt or extend the delay for appealing. St. Tammany Homesites v. Parish of St. Tammany, 477 So.2d 123 (La.App. 1st Cir.1985).
Therefore, plaintiffs’ appeal is dismissed at their costs.[3]
APPEAL DISMISSED.

. Notice of judgment was required under La. Code Civ. P. art. 1913 because the motion for summary judgment was not decided at the hearing but was taken under advisement. See Boyle v. Tangipahoa Parish Police Jury, 457 So.2d 1276 (La.App. 1st Cir.1984).

. July 3, 1987 is excluded from the calculation of this delay because it was a legal holiday. La.Code Civ.P. arts. 1974, 5059; La.R.S. 1:55(E)(1), (3).

.Aetna Casualty & Surety Company has filed a motion for leave of court to file an "amended petition of intervention’.’ in this matter. Since plaintiffs’ appeal is dismissed, Aetna's request to intervene is moot. Therefore, Aetna’s motion is denied.