566 So.2d 1068 (1990)
Rita Jo Legg Broadway HOLLOWAY, Plaintiff/Respondent/Appellee,
v.
GULF MOTORS, INC., et al., Defendant/Applicant/Appellant.
Nos. 22152-CW, 22296-CA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1990.
Weems, Wright, Schimpf & Hayter by Joseph R. Gilsoul, Robert B. Dunlap, Shreveport, for defendant/applicant/appellant, Gulf Motors, Inc.
Samuel P. Love, Jr., Shreveport, for plaintiff/respondent/appellee.
Lunn, Irion, Johnson, Salley & Carlisel by Brian D. Smith, Shreveport, for defendant-appellee, General Motors Corp.
Before HALL, FRED W. JONES, Jr., and NORRIS, JJ.
HALL, Judge:
Gulf Motors, Inc., defendant/applicant/appellant, filed a writ application and an appeal from a judgment of the district court which, although styled a summary judgment, amounted to a denial of defendant's motion for new trial as untimely. The issue presented is whether notice of judgment is required to be mailed to a defendant who was personally served and against whom a default judgment was rendered and signed subsequent to the court taking the case under advisement after trial on confirmation of default. If notice of judgment was required, then defendant's motion for a new trial was timely. If notice of judgment was not required, then the trial court correctly held that defendant's *1069 motion for new trial was untimely. We hold that under the described circumstances notice of judgment is required under LSA-C.C.P. Art. 1913, and that the trial court erred in holding that the motion for new trial was untimely.
Plaintiff filed a revocatory action against defendants, Gulf Motors, Inc. and General Motors Corporation, seeking rescission of the purchase of an automobile, return of the purchase price, damages, attorney's fees and costs. Personal service was made on Gulf Motors, Inc.'s agent for service of process. Defendant failed to timely answer and a preliminary default was entered. Trial was held on confirmation of default on August 17, 1989. After evidence was presented, plaintiff's counsel presented a judgment which set forth the amount of the purchase price and certain expenses, but left blank the amount of the award for mental pain, anguish and emotional distress damages and the amount of attorney's fees, which plaintiff's attorney stated he would leave to the court's discretion and good judgment. The trial court stated: "We will just show that this matter is submitted at this time." On August 23, 1989, a judgment was rendered, read and signed in favor of the plaintiff against defendant for return of the purchase price, expenses, mental pain, anguish and emotional distress damages, attorney's fees, interest and costs.
On September 5, 1989, the clerk of court mailed a certified copy of the judgment to defendant. Defendant filed a motion for new trial on September 14, 1989, which was seven days, exclusive of legal holidays, after notice of judgment was mailed.
On March 20, 1990, plaintiff filed a "Motion for Summary Judgment" seeking dismissal of the motion for new trial on the grounds that the motion was not timely under LSA-C.C.P. Art. 1974. After a hearing, the district court sustained the motion for summary judgment and dismissed defendant's motion for new trial as not being timely. The Court issued brief written reasons for judgment as follows:
"In ruling on the motion for summary judgment in the above matter the Court states that it did not take this case `under advisement' to consider its merits, since the proof was clear and sufficient. The Court did defer ruling on it, since it was a substantial judgment, until it could review the record and determine if the record was in order."
LSA-C.C.P. Art. 1974 provides that the delay for applying for a new trial shall be seven days, exclusive of legal holidays. Unless notice of judgment is required under LSA-C.C.P. Art. 1913, this delay commences to run on the day after the judgment was signed. When notice of judgment is required under LSA-C.C.P. Art. 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, notice of judgment.
LSA-C.C.P. Art. 1913 provides:
"Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service. "Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel. "If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made the clerk shall mail such notice to the party requesting it or to his counsel of record.
"The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
"Except as otherwise provided in the first three paragraphs of this article, notice of the signing of a final judgment is not required."
*1070 We note first of all, contrary to the district court's reasons for judgment, that the case was "taken under advisement" by the court within the contemplation of LSA-C.C.P. Art. 1913. The case was submitted and taken under advisement for consideration of the amount of damages and attorney's fees to be awarded. The minutes of the court reflect that the case was taken under advisement. See Compton v. Crown Zellerbach Corporation, 246 So.2d 397 (La.App. 1st Cir.1971) which held that taking a case under advisement means taking time after the trial to give a case consideration before rendering a decision. This is exactly what took place in this instance. The court took time after the trial to give consideration to whether the record was in order and to the amount of damages and attorney's fees.
Still, the more serious issue which remains is whether the second paragraph of LSA-C.C.P. Art. 1913 requiring notice of judgment when a case has been taken under advisement applies when a case is taken under advisement after trial on confirmation of default. Plaintiff strenuously argues that notice of the signing of a default judgment is only required when the defendant has not been personally served, as provided in the first paragraph of LSA-C.C.P. Art. 1913, citing Shavers v. Shavers, 350 So.2d 915 (La.App. 3d Cir.1977); Willie v. Otasco, 351 So.2d 844 (La.App. 1st Cir. 1977); St. Tammany Home Sites v. Parish of St. Tammany, 477 So.2d 123 (La.App. 1st Cir.1985), and Rue v. Messmer, 332 So.2d 591 (La.App. 4th Cir.1976), writ denied 337 So.2d 525 (La.1976).
As originally enacted, LSA-C.C.P. Art. 1913 required notice of signing of judgment in all cases. Notice of a default judgment against a defendant on whom citation was not served personally was required to be served by the sheriff. Notice of judgment in all other cases was required to be mailed by the clerk of court. Thus, notice of default judgment mailed by the clerk was required where there was personal service as in this case.
LSA-C.C.P. Art. 1913 was amended in 1961. The amendment eliminated the requirement of notice of judgment except (1) where a default judgment is rendered against a defendant who has not been personally served, in which case service of the notice by the sheriff is required, as previously provided, and (2) where a case has been taken under advisement by the court. As to cases taken under advisement, no distinction is made between a default judgment and any other judgment. No exception is made as to a default judgment. Thus, just as the article prior to amendment required mailing of notice of judgment in all cases, including default cases, the article after amendment requires mailing of notice of judgment in all cases taken under advisement, including default cases.
The article, as amended, requires mailing of notice by the clerk of the parish where the case was "tried," possibly indicating that notice is required only after trial as distinguished from confirmation of default. We note, however, that confirmation of default is a form of trial. The Code of Civil Procedure articles governing default, LSA-C.C.P. 1701, et seq., appear as Chapter 6 of Title 5 entitled "TRIAL."
A defendant against whom a default judgment is rendered is not precluded from seeking a new trial or taking an appeal, and where judgment is not rendered on the scheduled confirmation date and the case is taken under advisement, with judgment to be rendered at some later uncertain date, such a defendant is entitled to notice of judgment as provided in the second paragraph of LSA-C.C.P. Art. 1913.
The cases cited above are good authority for the proposition that generally a defendant against whom a default judgment is rendered who was personally served is not entitled to notice of judgment, but the cases do not deal with the issue of whether notice of judgment is required where a case is taken under advisement after trial on confirmation of default. The opinion in Rue v. Messmer, supra, contains the statement that the second and third paragraphs of LSA-C.C.P. Art. 1913 "obviously do not refer to default judgments," but the issue discussed in that case was whether personal service on a corporation's agent for service *1071 of process amounted to personal service under the first paragraph of LSA-C. C.P. Art. 1913. As the issue presented in the instant case was not discussed in the Rue v. Messmer opinion, we regard the language there as dicta, even though we note that in that case judgment was rendered and signed two days after the default was confirmed, and it may well be that the matter was taken under advisement in that case as well.
Since the case was taken under advisement and notice of judgment was required, the motion for new trial was timely filed. Accordingly, we grant the writ, make it peremptory, set aside the judgment of the district court dismissing the motion for new trial, and remand the case to the district court for consideration of the motion for new trial on its merits. Considering the relief granted on the writ application, we dismiss the appeal as moot and also because the denial of a motion for new trial is an interlocutory judgment which does not cause irreparable injury and is non-appealable. See Jackson v. Watson, 360 So.2d 582, 585 (La.App. 4th Cir.1978), writ denied 362 So.2d 1389 (La.1978); Waters v. Jacobs, 340 So.2d 416 (La.App. 2d Cir.1976).
Writ granted and made peremptory; appeal dismissed.