McCLENDON, J.
| {Antonio D. Tyson, an inmate in the custody of the Department of Public Safety and Corrections (the Department), appeals a district court’s judgment that dismissed his “Application for Writ of Habeas Corpus” on the district court’s own exception raising the objection of no cause of action. For the reasons that follow, we dismiss the appeal as premature.
FACTS AND PROCEDURAL HISTORY
Tyson filed an “Application for Writ of Habeas Corpus,” challenging several disciplinary penalties for which he lost good time. Although he alleged that he exhausted his administrative remedies, he did not seek judicial review of the denial of his disciplinary appeals. Rather, he sought declaratory, injunctive, and habeas relief seeking restoration of lost good time.
In screening the petition in accordance with LSA-R.S. 15:1178 and 15:1184-88, the Commissioner[1] recommended the court, on its own motion, grant an exception raising the objection of no cause of action and dismiss Tyson’s “Application for Writ of Habeas Corpus” without prejudice. In accordance with the Commissioner’s recommendation, the district court raised and granted an exception raising the objection of no cause of action and dismissed the matter without prejudice. Notice of the judgment was mailed on February 10, 2011. Tyson filed a motion for new trial and also filed a motion for a devolutive appeal. Both motions were received by the district court on February 24, 2011 and “posted” by the district court on March 1, 2011.
DISCUSSION
This court, ex proprio motu, issued a rule to show cause why Tyson’s appeal should not be dismissed as premature, noting that the appellate record did not include a ruling on the March 1, 2011 motion for new trial. On January 17, 2012, a panel of this court referred the rule to show cause to this panel.
|sMr. Tyson, in an apparent response to this court’s show cause order, asserts that he filed an “Ex Parte Motion to Dismiss” his motion for new trial with the district court. However, there is no indication *1034 that the district court has acted on the referenced motion.
Also, nothing in the record and nothing produced in response to this court’s show cause order indicate that the district court has acted on Mr. Tyson’s motion for new trial. Louisiana Code of Civil Procedure art. 2123 C provides that an order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgments notwithstanding the verdict; the order of appeal becomes effective upon the denial of such motions. See also LSA-C.C.P. art. 2087 D.[2]
Because nothing indicates that any action has been taken on Mr. Tyson’s motion for new trial or his purported motion to dismiss his motion for new trial, we dismiss Mr. Tyson’s appeal as premature. We remand this matter to the district court for further proceedings with instruction that it should consider and rule on appellant’s Motion for New Trial and/or Motion to Dismiss Motion for New Trial. Costs of this appeal are assessed to appellant, Antonio D. Tyson.
APPEAL DISMISSED. MATTER REMANDED TO DISTRICT COURT TO CONSIDER MOTION FOR NEW TRIAL AND/OR MOTION TO DISMISS MOTION FOR NEW TRIAL.

. The office of the Commissioner of the Nineteenth Judicial District Court was created by LSA-R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner’s written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. LSA-R.S. 13:713 C(5).

. We find St. Tammany Homesites v. Parish of St. Tammany, 477 So.2d 123 (La.App. 1 Cir. 1985) to be distinguishable.