352 So.2d 359 (1977)
Mrs. Mary Angelene Juneau, wife of Salvador MANCUSO
v.
Salvador MANCUSO.
No. 8481.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1977.
Theodore W. Nass, Gretna, for plaintiff-appellant.
Before STOULIG, SCHOTT and BEER, JJ.
STOULIG, Judge.
This appeal was lodged to question (1) the correctness of a judgment reducing child support, and (2) alternatively, the allowance of a credit for the amount of the decrease against past-due payments made executory by a judgment rendered before the decrease was allowed.
The district court proceedings pertinent to this appeal are these:
On March 17, 1975, Salvador Mancuso was ordered to pay $320 monthly for the support of his minor child.
*360 Pursuant to a rule filed March 8, 1976, the court found Salvador Mancuso $640 in arrears on child support payments for the period January 17, 1976 through March 17, 1976. Judgment making these arrearages executory was rendered March 25 and signed March 30,1976. No application for a new trial was made nor was an appeal taken by the father from this judgment.
On March 30, 1976, Mr. Mancuso filed a motion for a decrease in child support alleging, inter alia:
"* * * [A]t the time the above amount was set there was no formal hearing had * * *."
and
"* * * [T]he amount of child support set by this Honorable Court is far in excess of the said mover's income and means * * *."
On April 30, the trial court rendered judgment which denied Mary Mancuso an increase; reduced the monthly child support award from $320 to $270; vacated the March 30 judgment making $640 in past-due child support executory; and decreed that an amount of $759 was past due and executory. Only Mary Mancuso has appealed.
In considering the correctness of the judgment reducing child support, neither the pleadings nor the proof is sufficient to warrant a reduction in child support. It is well established that the party seeking a modification in a child support or alimony award must allege and establish a change in the respective financial circumstances of the parties since the award was judicially established. And this is true whether the judgment is rendered by consent or at the conclusion of an adversary proceeding. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973).
In this case the pleading is somewhat ambiguous in that it alleges no formal hearing was held. We assume that the award was a consent judgment. If there was any irregularity or denial of due process to Salvador Mancuso in that he was not represented by an attorney or did not appear pro se, then he bears the responsibility of bringing any such fact to the court's attention. The burden of proof is borne by the party seeking the change. Crum v. Crum, 330 So.2d 925 (La.App. 1st Cir. 1976). The only evidence before us is that Mrs. Mancuso's take home pay was $285 per month when this matter was heard and Mr. Mancuso netted $810 monthly. Accordingly the husband has neither alleged nor proved the facts to justify a reduction in child support.
The alternative issue of whether the trial court has the discretion to allow as a credit the amount of the decrease in child support against accrued delinquent payments must be answered in the negative.
The record indicates the father made no child support payments between the time the first and second judgments were rendered. The judgment in response to the rule to decrease rendered on April 30, 1976, decrees in part:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the prior Judgment signed March 30, 1976, making past due Six Hundred Forty Dollars and 00/100 ($640.00) in child support be vacated and the total child support due and owing and executory be set at Seven Hundred Fifty-Nine Dollars and 00/100 (759.00) to include Four Hundred Forty Dollars and 00/100 ($440.00) past due since the prior judgment."
It is apparent that the trial court in reducing the monthly amount of child support also amended the judgment making executory past-due payments to retroactively reflect the amount of the decrease. At that point the trial court had no jurisdiction to amend or modify that judgment as to substance because seven legal days for applying for a new trial had expired. C.C.P. art. 1974. Once past-due child support or alimony is made executory by final judgment, it is no longer subject to modification.
From the record we are aware that the sum of $960 was past due and owing on April 28, 1976 and only to this amount can we make a judgment executory.
*361 For these reasons, the judgment appealed from is reversed insofar as it reduces child support, vacates the March 30, 1976 judgment, and applies a retroactive credit for the reduction. The judgment of March 30, 1976 making executory past-due child support of $640 for the period January 17 through March 17, 1976 is decreed to be final and unappealable. Nothing herein shall prejudice appellant's right to make executory all other past-due child support for the period commencing on March 17, 1976. Appellee is to pay all costs of the litigation incurred since the filing of the March 8, 1976 rule.
REVERSED IN PART; AFFIRMED IN PART; AMENDED IN PART.