PONDER, Judge.
Plaintiff in rule, the husband, has appealed from a judgment denying a reduction in child support.
The sole issue is the proof of changed circumstances.
We affirm.
Previously, the trial court had granted a divorce to the husband; gave custody of four minor children to the wife; and ordered the father to pay $2,000.00 per month in child support, and $600.00 per month in alimony. Janice Lewis subsequently married and no longer receives alimony.
The husband moved that the amount of child support should be reduced to $175.00 per child per month because of changed circumstances. The trial court issued a directed verdict finding no change of circumstances sufficient to warrant a reduction in child support.
Suggested changes in circumstances were the remarriage of the former wife and the contribution of approximately $800.00 per month to the community. However, it was also shown that upon remarriage the $600.00 alimony payment was discontinued.
She works as a real estate salesperson and had contributed $5,000.00 to the community in the months prior to the hearing on the rule. The amount of money she contributes fluctuates greatly as she works on a commission basis.
Mover argues that his wife must contribute to the financial support of the children. Grava! v. Grava!, 355 So.2d 1057 (La.App. 4th Cir. 1978). However, the Supreme Court found in Ducote v. Ducote, 339 So.2d 835 (La.1976) that the services performed by the custodial parent such as preparing' meals, washing clothes, providing transportation and furnishing care and guidance contributed substantially to the obligation *979 of mutual support. The mother testified that she did these things and she also used some of her earnings to support the children.
The Supreme Court in Ducote, supra, also held that children are entitled to the same standard of living as if they resided with their father whenever financial circumstances of the father permits. Mr. Lewis earns in excess of $200,000.00 per year. The trial court ordered him to continue paying support of $500.00 per child. That amount has been held not to be excessive when a man earned $85,000.00 in 1975. Meyers v. Meyers, 344 So.2d 451 (La.App. 2nd Cir. 1977).
We find no abuse of discretion by the trial court. The judgment is affirmed at appellant’s costs.
AFFIRMED.