405 So.2d 1160 (1981)
Henrietta Cenac TRAHAN
v.
Albert Joseph TRAHAN.
No. 14296.
Court of Appeal of Louisiana, First Circuit.
October 12, 1981.
*1161 James M. Funderburk, Houma, for plaintiff and appellee.
Douglas H. Greenburg, Houma, for defendant and appellant.
Before CHIASSON, EDWARDS and LEAR, JJ.
EDWARDS, Judge.
Appellant, Albert Joseph Trahan, and appellee, Henrietta Cenac Trahan, were divorced by judgment rendered March 20, 1979. Appellee was awarded custody of the two minor children of the marriage, and appellant was ordered to provide $450 per month child support.
In August of 1980, appellee filed a rule for judgment for past due alimony and contempt, in which she alleged appellant to be in arrears on his child support payments. Appellant filed a counter rule, requesting a reduction of child support.
After hearing, the trial court rendered judgment finding appellant to owe past due child support of $2,762.50. The judgment was made executory, and the court assessed against appellant attorney fees in the amount of $250. The judgment also decreased appellant's child support obligation to $380 per month. It is from this judgment that appellant appeals.
On appeal, appellant argues first that the trial court erred in awarding attorney fees.
Act 462 of 1977 enacted LSA-R.S. 9:305. This statute vested a court rendering judgment in an action to collect alimony or child support arrearages with the discretion to award attorney fees to the prevailing party. The statute is apparently a codification of the jurisprudential theory that "alimony allowed should not be eaten up partially by attorney's fees, and the child thereby deprived, in part, of the object and purpose of allotting it." Newson v. Newson, 176 La. 699, 146 So. 473 (1933). See also Gardner v. Gardner, 366 So.2d 1022 (La.App. 1st Cir. 1978).
LSA-R.S. 9:305 was amended most recently by Act 326 of 1979. The statute now provides that a court shall award attorney fees to the prevailing party when it renders judgment in an action to make past due alimony or child support executory, unless there is good cause for not doing so. As amended, LSA-R.S. 9:305 provides:
"When the court renders judgment in an action to make past due alimony or child support executory, except for good cause, the court shall award attorney fees and court costs to the prevailing party."
Appellant does not contend that he was not in arrears in child support payments. Rather, he submits simply that he could not afford to meet the obligation. However, we note that appellant did not seek a reduction of child support until appellee filed the instant rule. Appellant has not demonstrated that there was "good cause" not to *1162 award attorney fees to the appellee. Under these circumstances, we find no error in the trial court's award of attorney fees.
Secondly, appellant complains that his right of cross-examination at the hearing on the rules was abridged. He cites specifically two instances of this alleged error, both involving his cross-examination of appellee.
We have thoroughly reviewed the record and find no basis for this alleged error in either instance cited by appellant. The trial court did not prevent appellant from cross-examining appellee but merely asked for cooperation with regard to the unnecessary use of time.
Finally, appellant contends that the trial court erred in setting child support at $380 per month. He argues that the sum should be less.
Appellee's gross income is approximately $750 per month. She claims expenses for the two children of $833.72 per month.
Appellant has remarried since his divorce from appellee. He adopted the child of his new wife, and they now have a child of their own from this marriage. Additionally, a third child lives with appellant. However, that child's father provides for his support.
Appellant's gross income during 1979, the year of the initial setting of child support, was approximately $25,880. His present gross income, based upon a projection of year-to-date earnings, is approximately $30,000 per year. Appellant's monthly net income is about $1,900, and he claims monthly expenses of approximately $1,700.
Although appellant argues that he has lost the aid of his second wife in supplementing the family income, we note that he did not enjoy the benefit of her earnings at the time the child support award was initially set by the same judgment granting the divorce from his first wife. In any event, we further note that loss of this second income represents a decrease of less than $2,000 annually from the family's 1979 income.
The trial court found that appellant had proved a change of circumstances entitling him to a reduction of his child support obligation and reduced the support payments from $450 to $380 per month. The trial court is vested with considerable discretion in setting child support awards. Gardner v. Gardner, supra; Shanklin v. Shanklin, 339 So.2d 1262 (La.App. 1st Cir. 1976). Under the circumstances presented herein, we find no abuse of discretion.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by appellant, Albert Joseph Trahan.
AFFIRMED.