DOMENGEAUX, Judge.
This is an appeal by plaintiff, Geraldine Hines, from a judgment on a rule of the district court denying her alimony pendente lite, and further limiting child support for her two minor children, both of whom are in her physical custody. The defendant-ap-pellee in this action is Wilbur Hines, Curator of John David Hines.
A brief resumé of the facts shows that petitioner married John D. Hines in 1965. Two children were born to them who are now 16 and 13 years of age. Mr. Hines was interdicted (Interdiction of John David Hines, Docket No. 77-954, Fourteenth Judicial District Court, Calcasieu Parish, Louisiana) in the year 1977 because of severe organic brain damage. The condition of Mr. Hines is such that he is now required to stay in an institution, and he is presently in the Veterans Hospital in Gulfport, Mississippi.
In contemplation of divorce and/or separation proceedings, the parties, on December 22, 1979, entered into a matrimonial agreement dividing, the property acquired by the community of acquets and gains. They opted for a separate maintenance regime, pursuant to Act 709 of the 1979 Louisiana Legislative Session, with court approval for the curator’s action on behalf of the interdict.[1] The bulk of the assets partitioned consisted of a large block of stock inherited by Mr. Hines, and the community consisted largely of assets acquired with dividends received from that stock.
Thereafter, this suit was instituted by Mrs. Hines for legal separation (based on living separate and apart in excess of one year), custody, alimony, and child support. Defendant reconvened for a separation on the grounds of abandonment. Subsequently, Mrs. Hines amended her petition to delete her request for a legal separation, instead seeking support from her husband’s estate pursuant to La.C.C.P. Article 4556.[2] A hearing was set for a rule to show cause why defendant should not be required to pay support, after which judgment was rendered denying Mrs. Hines support for herself, but awarding her support for the use and benefit of the two minor children in the amount of $1,000.00 per month. From this adverse judgment, she appeals. We affirm the denial of alimony pendente lite to petitioner, but increase the award of child support from $1,000.00 per month to $2,000.00 per month.
The issues presented on appeal are:
(1) Whether or not the trial court erred in treating Mrs. Hines’ claim for support from her interdict’s husband’s estate as a claim for alimony pendente lite.
(2) Whether or not the trial court’s award of $1,000.00 per month for support of the two minor children was excessively low.
*973 ALIMONY PENDENTE LITE
On appeal Mrs. Hines contends that the trial court erred in treating her claim for support as a claim for alimony pendente lite. We disagree.
The right of a wife to be granted alimony pendente lite is governed by La.C.C. Article 148, as amended, which reads as follows:
“If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse’s support, proportioned to the needs of the claimant spouse and the means of the other spouse.”
Although Mrs. Hines amended her petition to delete her request for a separation, defendant’s reconventional demand for separation remains pending.[3] As such, the trial judge properly relied on La.C.C. Article 148, supra, in determining whether or not Mrs. Hines is entitled to alimony during the pendency of the reconventional demand for separation.
Applying La.C.C. Article 148, supra, our next inquiry is whether or not the trial judge abused his discretion in denying Mrs. Hines alimony pendente lite. As a consequence of the matrimonial agreement dividing the community property of Mr. and Mrs. Hines, Mrs. Hines received assets totaling approximately $650,000.00. Included in these assets are municipal bonds with a maturity yield of about $490,000.00 and a fair market value of $250,000.00, yielding approximately $2,500.00 per month; a promissory note with a face value of between $50,000.00- $70,000.00, paying $468.00 per month; a promissory note with a face value of $100,000.00, bearing interest at 13% and payable in five annual installments of $20,000.00 each plus interest; $30,000.00 in a certificate of deposit; a Mercedes-Benz automobile, four bedroom sets, three sets of living room furniture, two dining room sets, and various other properties. Excluding income she receives from a trust fund established for the two children by Mr. Hines, and the children’s social security, Mrs. Hines’ 1981 income was approximately $81,-000.00. In view of the above we agree with the trial judge who determined that Mrs. Hines has sufficient income for her maintenance, and therefore finding that she is not entitled to alimony pendente lite.
CHILD SUPPORT
It is evident from the record that Mr. Hines over the years prior to his commitment had enjoyed a high financial standard from the income of his businesses and other assets. The mode of living created by Mr. Hines allowed his family almost unlimited financial freedom including country club memberships, summer, camps, trips and vacations, and many other expensive privileges made possible by their father’s financial status.
Under the provisions of La.C.C. Articles 227, 230, and 231 the obligation to support, maintain, and educate minor children is contracted by the parents by the very act of marrying, and nourishment, lodging, support, and education are provided in purportion to the wants of those requiring and according to circumstances of those who are able to pay. Ducote v. Ducote, 339 So.2d 835 (La.1976); Fellows v. Fellows, 267 So.2d 572 (La.App. 3rd Cir. 1972). This obligation includes post high school education. Pettitt v. Pettitt, 261 So.2d 687 (La.App. 2nd Cir. 1972).
We are mindful of the considerable discretion a trial court has in fixing child support. Ducote v. Ducote, supra; Fellows v. Fellows, supra. However, in the present case we find an abuse of that discretion. A careful review of the record convinces us that in light of the circumstances, $1,000.00 per month for child support is grossly inadequate.
The record indicates that Mrs. Hines incurs expenses of around $8,900.00 per *974 month. Approximately $5,900.00 per month or two-thirds of the expenses are incurred in support of the two minor children. The record also reflects that Mr. Hines’ estate’s income from its assets is around $108,000.00 per year, out of which relatively little, if anything, is spent for his care at the VA hospital in Mississippi. The eminent ability of the father’s estate to support his children in a manner and mode to which they are accustomed and which he established is unquestioned, and in view of this, we feel that the award for child support should be raised from $1,000.00 per month to $2,000.00 per month. We so hold, being fully cognizant of the fact that the children also receive approximately $1,300.00 per month from a trust fund and social security benefits.
DECREE
For the reasons assigned, the judgment of the district court is amended to award child support to appellant, Geraldine Hines, for the use and benefit of the two minor children, in the amount of $2,000.00 per month. In all other respects the judgment is affirmed. Costs of this appeal are assessed against defendant-appellee, Wilbur Ray Hines, Curator of John David Hines.
AFFIRMED AS AMENDED.

. See La.C.C. Articles 2328, 2329, 2370, and 2374.

. La.C.C.P. Art. 4556 reads as follows:
“The curator shall expend that portion of the revenue from the interdict's property as is necessary to care properly for his person and, with the approval of the court, to support his legal dependents. If the revenue is insufficient for these purposes, with the approval of the court in the manner provided in Article 4271, the curator may expend the interdict’s capital.”

. The issue of the propriety of defendant’s re-conventional demand is not now before us, accordingly we express no opinion thereon.