416 So.2d 1309 (1982)
Donna Sue LEDET
v.
Robert A. LEDET.
No. 14930.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
*1310 Joseph H. Simpson, Amite, for plaintiff.
D. Warren Ashy, Lafayette, for defendant-appellant.
Before LOTTINGER, EDWARDS and SHORTESS, JJ.
SHORTESS, Judge.
Donna Sue Ledet (plaintiff) and Robert A. Ledet (defendant) were divorced by judgment signed August 7, 1981, which also granted the permanent care and custody of their minor children, David and Dwight Ledet, to plaintiff, and fixed child support at $550.00 per month.
Defendant appeals from the child support portion of the judgment and complains that the trial court erred in increasing child support from $200.00 to $550.00 per month, when no increase was warranted and could not be supported by the record.
When the parties separated, by stipulation and without a judicial determination child support was fixed at $200.00 per month.
Both parties have a substantial income. Defendant is a private airplane pilot employed by the Charter Corporation and has a gross monthly income of $2,200.00. After deductions, he has a net income of $1,551.00. His itemized expenses total $1,687.92. Included therein is $305.00 per month for a 1978 Porche automobile which he purchased after the separation. Also included are department store accounts for clothing and other items, many of which were incurred after the separation. Since the original award of child support, defendant moved out of the jointly-owned house and plaintiff moved in and assumed payment of the $376.00 monthly house note.
Plaintiff is employed as an oil and gas lease broker and earns approximately $2,500.00 per month. Additionally, she receives travel and meal expenses of approximately $250.00 per week. This job is not permanent and could end at any time. She estimated her total expenses to be $2,195.00 per month for herself and her children, but did not separate her expenses from the children's expenses.
Civil Code Article 227 provides:
Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining and educating their children.
The trial court is vested with considerable discretion in setting an award of child support. Trahan v. Trahan, 405 So.2d 1160 (La.App. 1st Cir. 1981)
Defendant argues that he cannot afford to pay $550.00 for the support of his minor children because of his expenses. But the law is clear that a parent's primary obligation is to his children. Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959). Also, a parent will not be relieved of his obligation to support his children because of an unstable financial condition brought upon himself. Laiche v. Laiche, supra.
Considering the respective financial positions of the parents, it appears that the trial court's award of child support was liberal, but we are not in a position to say that the award represented a clear abuse of the trial court's discretion, and we affirm at plaintiff's costs.
AFFIRMED.