418 So.2d 748 (1982)
Dorothy Glasper WASHINGTON
v.
Stephen WASHINGTON.
No. 12990.
Court of Appeal of Louisiana, Fourth Circuit.
August 13, 1982.
Edgar K. Corey, New Orleans, for relator.
Cheryl Horton Kolb, New Orleans, for respondent.
Before REDMANN, C. J., and GULOTTA and KLIEBERT, JJ.
REDMANN, Chief Judge.
We granted certiorari to review and we now set aside a sentence for contempt for non-payment of child support against a disabled father who apparently has no income other than Social Security disability benefits.
The father is disabled from working. He receives one monthly check and his children receive another from the Social Security Administration on account of his disability. The mother of the children is employed but finds the total of her earnings and the children's Social Security benefits inadequate for their needs. The parents' former community owns a house in which the mother and the children live, and there is a claim (perhaps by now a settlement) in the United States District Court for the father's injury that may have substantial value. As of trial of the contempt rule, however, and apparently on the trial of earlier proceedings, the father did not have any income other than his Social Security disability benefits and he had no other capital assets out of which support could be ordered paid. The record shows that the children also receive (as did formerly the mother) Social Security benefits, presumably in the amount that Congress has provided.
In view of the Supremacy clause, U.S. Const. Art. VI, and in view of 42 U.S.C. § 407, exempting Social Security benefits from "execution, levy, attachment, garnishment, or other legal process," we conclude that a state court has no jurisdiction to order, in effect, a payee of Social Security benefits to turn over part of those benefits to his children (themselves the recipients of benefits) and to enforce such an order by contempt proceedings. That order and enforcement amount to "legal process" in violation of 42 U.S.C. § 407.
The sentence for contempt is reversed, and this matter is remanded for further proceedings in respect to the support orders consistent with our view that support cannot be ordered payable, in effect, out of the father's Social Security benefits.