440 So.2d 240 (1983)
Anthony T. MICHEU, III
v.
Marilyn Fabre, Wife of Anthony T. MICHEU, III.
No. 83-CA-294.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1983.
*241 Floyd J. Reed, New Orleans, for plaintiff-appellee.
Ross P. La Dart, Gretna, for defendant-appellant.
Before CHEHARDY, BOWES and CURRAULT, JJ.
BOWES, Judge.
Defendant-appellant perfects this appeal from a judgment of the trial court:
1. Ordering an increase in the previous child support award;
2. making absolute a rule for executory judgment for past due support (subject to a credit for payments made after the filing of said rule);
3. making absolute a rule for contempt subject to the proviso that defendant was deemed to have "purged" himself of said contempt by payment of past-due support;
4. awarding attorney's fees to plaintiff in the amount of $1,200.00; and
5. ordering defendant pay all court costs.
We affirm in part, reverse in part, and amend that judgment.
Plaintiff and defendant were divorced in 1975, and have since returned several times to the district court for clarification and changes in child support payments, including at least one other rule for contempt (for failure to pay said support), rules to terminate visitation, contempt of visitation, etc. Suffice it to say for our purposes that the relationship between the parties has, at best, been antagonistic. Prior to the present rule, the trial court, in January of 1980, sentenced defendant to a suspended sentence of 15 days for failure to make support payments; at the same time, defendant was ordered to pay $400.00 per month child support for the two minor children of the marriage, payable in increments of $200.00 on the 12th and 28th of each month, adding that a penalty of $20.00 would be assessed against defendant if the payment due on the 28th was not made before the first of the following month. This last proviso evidently was an attempt to keep the ever-delinquent Mr. Micheu on guard, and prevent his former wife from experiencing unnecessary financial difficulty, inasmuch as her rent was due on the 1st of every month.
The action before us today was filed on April 15, 1982, and styled "Fourth Rule for Contempt, To Make Past Due Child Support Executory, and For Attorney's Fees and For Increase in Child Support." The rule was filed "In Forma Pauperis" by Mrs. Micheu.
On April 23, Mr. Micheu filed a rule to traverse the forma pauperis application of his former wife; and on May 7, he filed a rule for a decrease in child support. (The forma pauperis order was annulled on that day, and Mrs. Micheu ordered to pay all costs incurred in connection with bringing the rule to traverse. This judgment was never appealed and is not at issue before us).
Appellant presents the following specifications of error:
1. That the trial court erred in granting an increase in child support payments.
2. That the trial court erred in denying a reduction in child support payments.
3. That the trial court erred in finding that the appellant was in arrears regarding his obligations to pay child support as per the provisions of the trial court's judgment of January 10, 1980.
4. That the trial court erred in finding that the appellant was in contempt of the provisions of the trial court's judgment of January 10, 1980.
*242 5. That the trial court erred in awarding attorney's fees.
6. Alternatively, the trial court erred in that the award of attorney's fees is excessive.
7. That the trial court erred in ordering that the appellant pay all costs of these proceedings.
Regarding appellant's first two issues that it was error to increase the award and not to decrease the amount, an examination of the record reveals the following pertinent information:
In 1979, the tax year prior to the setting of the $400.00 award, Mr. Micheu and his second wife had a combined income of $27,420.00. In 1980, their combined income was approximately $30,000.00; in 1981, approximately $28,941.94. (The income tax form for 1981 was not filed into evidence and the above sum was computed based on the testimony of Mr. Micheu). Significantly, Mr. Micheu testified that income for 1982 at the time of the trial was approximately at the same rate as the year before, but that he expected to do better in the coming summer months. It should be noted here that Mr. Micheu is an air-conditioning and refrigeration mechanic, who quit his job at General Electric in 1981 to start his own business.
The income of defendant from 1979, just prior to the $400.00 award, and the date of the hearing, did not significantly change, certainly not sufficiently to justify an increase in support to $700.00 per month. Nor do any other factors presented at trial lead us to conclude such an increase was warranted. The former Mrs. Micheu's income increased dramatically, to approximately $25,000, in 1981 (from approximately $6,500.00 at the time of the 1980 rule).
The determination, then, to be made ishas a substantial change of circumstances occurred since the award of alimony, or since the last change in that award? This analysis is to be made each time either spouse files a rule to increase, decrease, or terminate alimony previously granted. Vial v. Vial, 422 So.2d 523 (5th Cir.1982). The court, in the aforementioned decision, has stated that the lower court is bound to limit its inquiry into a substantial change in circumstances of either or both spouses. In the case before us, then, we are bound to consider the increase in Mrs. Micheu's ability to provide support for her children, as well as any substantial change in the children's needs.
In examining the record, and taking the matter as a whole, we find that it was error to increase the child support order: "... in an effort to remedy past inequities, including but not limited to the necessity of a mother working excessive overtime hours, the ramifications of which are viewed by this Court as being detrimental to the well-being of the minor children; namely, Lisa Marie Micheu and Anthony T. Micheu, IV."
The trial judge's admirable effort here to encourage the family unit is not of itself grounds to increase child support. The testimony of plaintiff and of one John Gagliano, a personnel director of plaintiff's employer, disclose that Mrs. Micheu's job requires overtimeovertime of at least eight hours per week is "built in" to the position. Also, as manager, she would likely have to work certain holidays. Overtime does not seem to be a matter of choice for Mrs. Micheu, unless she were to choose resigning or changing her position. As long as she works for Time-Saver, Inc., Mrs. Micheu will probably be obliged to work the same hours, and an increase in child support payments will not change that fact. Should there be a substantial change in her employer's policy regarding overtime, Mrs. Micheu, of course, would be entitled to bring another rule.
We have also concluded, however, that it was not error to deny defendant's motion for a reduction. In Graval v. Graval, 355 So.2d 1057 (4th Cir.1978), the Fourth Circuit stated:
There can be no equivocation about the obligation imposed by Article 227 of the Civil Code. Parents share the obligation of supporting, maintaining, and educating their children. The degree of support is determined by the need of the child and the ability of "those who are to pay *243 it." C.C. Art. 231; Ducote v. Ducote, 339 So.2d 835 (La.1976).
Further in that opinion, the court stated:
Here we have a wholly different proposition. Both parents are gainfully employed and must discharge their obligation in whole or in part by financial contributions for the benefit of the child... This mutual obligation, then, must be apportioned in each case as indicated by the parents' respective abilities to support the needs of the child. (at p. 1063)
In scrutinizing both the testimony and expense sheet of Mrs. Micheu, we find the following a fair list of allowable expenses for the children, pro-rated whenever necessary:

 House note or rent $150.00
 Groceries 267.00
 Utilities 67.00
* Medical 17.00
** Auto 133.00
 Haircuts 20.00
 Laundry 26.00
 School expenses 55.00
 Clothing 100.00
 Recreation 100.00
 TOTAL ........... $935.00
*  Average of medical expenses shown attributable
to the children
**  Mrs. Micheu testified that her son uses one of
the cars; it may also be fairly assumed that
Mrs. Micheu uses her car for the use and
benefit, partially at least, of her daughter.

Mrs. Micheu contended that the needs of the children had changed dramatically since the last rulehowever, the list of expenses filed by her in the 1980 rule and in the present matter, as well as the testimony elicited at the hearing, do not show an increase in the children's needs.
We do not see the issue as one of credibility, but as one of proof. This issue is whether or not (Mrs. Barbier) proved there had been a change in circumstances so as to warrant an increase in the child support payments. Appellee simply stated things cost more and her children needed more. These general allegations do not establish a significant change in circumstances, ... Barbier v. Barbier, 417 So.2d 57 (La.App. 1st Cir. 1982)
Given the limited circumstances we are permitted to review, we cannot say that either Mr. Micheu's earnings, or the needs of the children, permit an increase in the present award of $400.00.
Certainly they do not permit a decrease either, regardless of Mrs. Micheu's augmented salary. The present award is less than one-half the allowable expenses, and this Court cannot place any further burden on the mother to assume the father's financial duties.
As to appellant's third and fifth assignments of error, that the trial court erred in finding Mr. Micheu in arrears and making such arrears executory, and, additionally, awarding attorney's fees: The record supports the finding implicit in the judgment that at the time the rule was filed, Mr. Micheu was indeed in arrears and, on the afternoon of that same date the rule was filed, paid at least one payment and, as is evident in the court's judgment, possibly two payments. He was also in arrears at least one $20.00 penalty payment. Appellee was within her rights to seek the rule; and even granted that the regular payments in question were paid before the initial hearing, the fact is that at least one penalty payment was outstanding, and that Mrs. Micheu properly filed the rule. We find no manifest error in that portion of the judgment which made the rule for past-due support executory subject to a credit for payments made after filing of the rule.
Louisiana Revised Statute 9:305 permits an award for attorney's fees to the prevailing party except for good cause:
This statute vested a court rendering judgment in an action to collect alimony or child support arrearages with the discretion to award attorney fees to the prevailing party. The statute is apparently a codification of the jurisprudential theory that "alimony allowed should not be eaten up partiallly by attorney's fees, and the child thereby deprived, in part, of the object and purpose of allotting it." *244 Newson v. Newson, 176 La. 699, 146 So. 473 (1933). See also Gardner v. Gardner, 366 So.2d 1022 (La.App. 1st Cir.1978). Trahan v. Trahan, 405 So.2d 1160 (La. App. 1st Cir.1981)
Interestingly, Trahan involved a rule for judgment for past-due alimony, and for contempt, and also a rule for a decrease filed by the husband. The Court made the past-due payments executory, while lowering the future payments. In that case, the Court noted that the husband-appellant did not seek a reduction of support until the wife had filed her rule. Combined with the fact that he was in arrears, the Court found that "good cause" was not shown to prevent an award of attorney's fees to the wife's attorney. We agree with this reasoning; however, we find the amount awarded to be excessive and reduce it by half, to $600.00, inasmuch as a great portion of the hearing consisted of the rule to traverse Mrs. Micheu's pauper status, which status was set aside.
Regarding the issue of contempt, appellant's fourth assignment of error, the record reveals that Mr. Micheu sent an extra payment to his wife in September of 1981. Upon realization of this, he believed himself to be "ahead" in his payments, and so did not tender the penalty charges which accrued.
A. "... In September, my wife delivered a check to her beforetwo days before or three days before she was going in the hospital; I didn't know it, I asked her two or three days ahead of time, I said "You paid Marilyn," she said "No, I'm going to take care of it," I said, "Okay." And come the 28th or the 27th, I don't remember which day it was, I have it down here, I said "Marilyn didn't get paid," I was across the river, I got a money order, and I shoved it under her door. She received three checksthree money orders in September. We've gotten tracers back on two that she's cashed and the one check." Tr. p. 263
It was proven at trial, however, that Mrs. Micheu never received nor cashed this "extra" payment, after a trace on the money itself was had. (This occurred at a later hearing.)
However, inasmuch as we have found that the payment due April 12 was not paid until April 15, the day the rule was filed; and while the "extra" payment which Mr. Micheu believed the plaintiff received would certainly have covered the accrued penalty, such "payment" would not have sufficed to discharge the entire April 12 payment. Therefore technically, then, the defendant was in contempt of court, and we find no manifest error in the trial judge so holding, particularly in view of Mr. Micheu's past performance. Accordingly, we affirm the finding of contempt by the trial court.
The Louisiana Code of Civil Procedure, in Article 224, requires "willfullness" in a finding of contempt:
Because the object of a contempt proceeding is vindication of the authority and dignity of the court, and not for the benefit of the litigants, a party is not in contempt of a court order unless he wilfully disobeys a direct court order issued prior to a contempt rule. City of Monroe v. Evans, 385 So.2d 912 (La.App. 2nd Cir. 1980) [emphasis supplied]
We must assume the defendant "willfully" did not pay until April 15.
Finally, Code of Civil Procedure Article 1920 provides the court may render judgment for costs against any party as it may consider equitable. We find no abuse of discretion in the trial court's taxation of defendant with costs. Plaintiff answered this appeal by requesting an increase in attorney's fees, which we hereby deny.
Accordingly, we affirm that portion of the trial court's judgment making the rule for past-due support executory, subject to a *245 credit for payments made after the filing of the rule; also, we affirm taxation of defendant with court costs. We amend that portion of the judgment awarding attorney's fees and reduce the amount to $600.00. We affirm the finding of contempt on the part of the defendant. Finally, we reverse the judgment of the trial court increasing child support payments, and reinstate the award of $400.00 per month for the support of the minor children. The judgment of the trial court denying a decrease in support is affirmed.
AFFIRMED IN PART, AMENDED IN PART, REVERSED IN PART, AND RENDERED.