443 So.2d 729 (1983)
Barbara MANUEL
v.
Wilbur MANUEL, Jr.
No. CA-0820.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1983.
Rehearing Denied January 25, 1984.
*730 Lawrence A. Arcell, New Orleans, for defendant-appellant.
William R. Mustian, III, Alonzo T. Stanga, Metairie, for plaintiff-appellee.
Before REDMANN, CIACCIO and WILLIAMS, JJ.
CIACCIO, Judge.
The district court, pursuant to a rule to make past due child support executory, awarded the plaintiff $2,040.00[1] and $250 in attorney fees. The court dismissed the plaintiff's rule for contempt arising out of the defendant's refusal to pay child support. A rule to reduce child support, filed by the defendant, was granted.[2]
The plaintiff appeals alleging error by the trial court in reducing the child support payments. Additionally she asks that this court amend the judgment by increasing the award of attorney fees and by awarding interest on the past due child support.
The defendant appeals alleging that the trial court erred in granting the plaintiff a judgment for past due child support.
This Court reverses in part, amends and affirms the judgment of the district court.
The facts are as follows:
The plaintiff and defendant separated prior to 1978 and obtained a legal separation on April 28, 1980. There were two children born of the marriage and they are currently minors. Prior to his legal separation, Mr. Manuel sustained a job related injury which rendered him disabled. As a result of the accident, he received $42,000 as a legal settlement and this sum was shared with the plaintiff. Since the time of the accident, Mr. Manuel has had only one source of income, namely Social Security benefits in the amount of $533 per month.[3] Social Security benefits were also paid to the defendant's minor children in the amount of $54 per month for each child. Mr. Manuel acquired a house after his legal separation. He bought the house for $38,000 and pays a house note of $232 per month. He also owns a 1980 Buick automobile, *731 for which he paid $8,000 and upon which he pays a monthly note of $256.
The issues presented are: (1) Did the trial judge err in awarding an executory judgment for past due child support? (2) Should the judgment be modified to award interest from the date of each past due installment? (3) Is the plaintiff entitled to an increase in attorney fees for prosecution of the rule to make past due child support executory? (4) Did the trial court err in granting the defendant's motion for a reduction of child support? (5) Should that judgment have been given retroactive effect?
Rule to Make Past Due Child Support Executory
Mr. Manuel argues that the trial court erred in awarding a judgment for past due child support because the sole income of the defendant was Social Security benefits and Washington v. Washington, precludes any part of these benefits from being given to his children. 418 So.2d 748 (La.App., 4th Cir., 1982).
In Washington v. Washington, supra at 748, this Court held:
In view of the Supremacy clause, U.S. Const. Art. VI, and in view of 42 U.S.C. Sec. 407, exempting Social Security benefits from "execution, levy, attachment, garnishment, or other legal process," we conclude that a state court has no jurisdiction to order, in effect, a payee of Social Security benefits to turn over part of those benefits to his children (themselves the recipients of benefits) and to enforce such an order by contempt proceedings. That order and enforcement amount to "legal process" in violation of 42 U.S.C. Section 407.
This decision does not preclude an award of child support when Social Security benefits constitute the sole income of the one who is making the payments, provided there are assets out of which such an award can be satisfied. Nor does it preclude a judgment making past due child support payments executory, provided there are assets (and/or other income) out of which such a judgment can be satisfied. See: Terjersen v. Terjersen, 420 So.2d 704 (La.App., 4th Cir.1982). The decision would preclude a contempt order arising out of the failure or refusal to make child support payments when the one making the payments has no assets and no income other than Social Security benefits. Likewise, the Washington decision, supra, prevents one from seeking satisfaction of an executory judgment from a recipient's Social Security benefits.
Accordingly, the trial court did not err when it awarded plaintiff a judgment of $2,040 for past due child support. As revealed by the record, the defendant has assets (other than his Social Security income) out of which such a judgment can be satisfied.
The plaintiff contends that the judgment making past due child support executory should be modified to award interest from the date of each past due installment.
Civil Code Article 1938 provides:
Art. 1938. Time from which legal interest is due.
All debts shall bear interest at the rate of twelve percent per annum from the time they become due, unless otherwise stipulated.
Amended by Acts 1970, No. 315, Sec. 1; Acts 1980, No. 402, Sec. 1; Acts 1981, No. 574, Sec. 1; Acts 1981, No. 639, Sec. 1; Acts 1982, No. 142, Sec. 1.
This provision has been applied to those cases dealing with arrearages of child support. Thompson v. Courville, 372 So.2d 579 (La.App., 1st Cir., 1979), citing Miller v. Miller, 321 So.2d 318 (La., 1975).
Accordingly, we find that the judgment for past due child support should bear legal interest on the delinquent amounts from the respective due dates until paid.
The plaintiff next contends that his award of $250 attorney fees for the prosecution of the rule to make past due child support executory should be increased to compensate for the additional work on appeal.
*732 The amount of attorney fees to be awarded is a matter within the sound discretion of the trial court judge. R.S. 9:305. See: Mathews v. Mathews, 415 So.2d 234 (La.App., 2nd Cir., 1982). In view of the facts of this case, the amount of $250.00 does not constitute an abuse of discretion and accordingly, no increase will be granted.
2. Rule for Reduction of Child Support
The plaintiff contends that the trial court erred in granting the defendant's rule to reduce child support.
In reaching its conclusion that child support payments should be reduced, the court reasoned as follows:
Two thousand forty dollars is made executory plus attorney's fees in the amount of $250 plus court costs. Now, he has not shown anything at all to convince this Court that there should be a reduction. However, the Court is aware that recently the Fourth Circuit Court in the case of Dorothy Washington v. Steven Washington [418 So.2d 748, La.App.], No. 12990, decided on August 13th, 1982 the Fourth Circuit, in its infinite wisdom, if one wants to call it that, has indicated as follows: "In view of the Supremacy clause, U.S. Const. Art. VI, and in view of 42 U.S.C. Section 407, exempting Social Security benefits from execution, levy, attachment, garnishment, or other legal process," we conclude that a state court has no jurisdiction to order, in effect, a payee of Social Security benefits to turn over part of those benefits to his children (themselves the recipients of benefits) and to enforce such an order by contempt proceedings. That order and enforcement amount to legal process in violation of 42 U.S.C. Sec. 407."
So in effect, while there has been no change of circumstances, as Mr. Manuel is concerned, the law has changed and therefore the motion to reduce will be granted. [Tr. 20-21]
* * * * * *
As previously discussed, the Washington decision, supra, of this Court, does not negate an award for child support unless the sole income of the one making the payments is Social Security benefits and there are no assets out of which such an award can be satisfied. (Emphasis Supplied) See: Terjersen v. Terjersen, supra.
In the instant case the record reveals that the defendant owns a house and automobile, and these items apparently contain some equity. Accordingly, these items would constitute "assets out of which such an award can be satisfied." Once the equity in the defendant's assets is exhausted and the child support award would thereby constitute an impingement upon the defendant's Social Security benefits, he would be entitled to petition the court for a reduction of child support. Washington v. Washington, supra. See: Terjersen v. Terjersen, supra.
Therefore, absent a showing as required under Washington, supra, the reduction of a child support judgment may only be maintained where there has been a showing that there has been a change in the financial circumstances of the parties since the award was judicially established. Mancuso v. Mancuso, 352 So.2d 359 (La. App., 4th Cir., 1977).
Since the trial judge found that there was no change of circumstances and since the defendant has assets out of which an award of child support can be made, we find that the trial judge erred in granting the defendant's rule to reduce child support payments.
Since we reverse the judgment reducing child support, we do not address the question of its retroactive effect, as that issue is now moot.
For the reasons assigned, the judgment of the district court dismissing the plaintiff's rule for contempt is affirmed. The judgment of the district court granting the plaintiff's rule to make past due child support executory is amended to award legal interest from the date of each past due installment and as amended, is affirmed. The judgment of the district court granting the defendant's rule to reduce child support *733 payments is reversed and the judgment of the court awarding child support payment of $127.50 per week is reinstated. Each party is to bear his own cost for this appeal.
REVERSED IN PART, AMENDED AND AFFIRMED.
WILLIAMS, J., concurs with reasons.
WILLIAMS, Judge, concurring.
I agree with the result reached by the majority. I would like, however, to emphasize that merely owning assets in addition to or having income other than Social Security benefits does not automatically qualify one as being able to pay child support or alimony. Each case must be examined and evaluated on its own merits.
NOTES
[1] The parties stipulated that the amount of past due child support was $2,040.00.
[2] The court did not specify the amount of the reduction, nor did the defendant indicate the amount of reduction desired.
[3] This was the amount being received by the defendant when the court awarded child support on August 16, 1982 in the amount of $127.05 per week.