442 So.2d 1327 (1983)
Thomas Boyd STEPP, Plaintiff-Appellee,
v.
Annette Urban STEPP, Defendant-Appellant.
No. 83-377.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
*1328 Ford & Nugent, Howard N. Nugent, Jr., Alexandria, for defendant-appellant.
Crowell & Owens, William B. Owens, Alexandria, for plaintiff-appellee.
Before GUIDRY, FORET and KNOLL, JJ.
GUIDRY, Judge.
Thomas Boyd Stepp, II, filed suit against Annette Urban Stepp, praying that a decree of divorce be rendered; custody of the minor children born of the marriage, namely, Stacey Christine Stepp, age 16, and Thomas Daryl Stepp, age 13, be awarded to the defendant; child support be fixed at $250.00 per month per child; and, the community be partitioned. Defendant answered contesting only the fixing of child support, praying that child support be fixed at $500.00 per month per child in addition to one-half of the cost of the children's school activities. Defendant also filed a reconventional demand reserving any and all rights to permanent alimony. A judgment of separation between the parties had been rendered on February 3, 1982, wherein Mrs. Stepp was granted the custody of the two minor children of the marriage and child support in the amount of $250.00 per child per month. The trial judge rendered judgment in this matter on February 8, 1983, reserving defendant's rights to permanent alimony, decreeing a divorce a vinculo matrimonii between the parties, awarding defendant permanent custody of the minor children, and ordering plaintiff to pay child support in the amount of $325.00 per month per child, together with all medical and doctor bills not reimbursed by insurance. Defendant appeals the judgment of the trial court. Plaintiff neither appeals nor answers the appeal.
On appeal, defendant complains of the judgment only insofar as it fixes child support for the minor children, asserting that the trial judge erred in failing to award $450.00 per child per month.
Both parties introduced into evidence affidavits of itemized monthly income and expenses. Mrs. Stepp itemized her total net monthly income without child support at $592.80. She estimated monthly expenses for herself and her two children at $1,688.18. Only a portion of the amount estimated is incurred in support of the two minor children, the rest are expenses incurred by Mrs. Stepp on her own behalf. Mr. Stepp itemized his net monthly income at $1,831.73. He estimated itemized monthly expenses for himself minus child support at $1,176.25. The expenses listed by both parties seem reasonable and uninflated and were for the most part uncontradicted.
Under the provisions of LSA-C.C. Arts. 227, 230 and 231, the obligation to *1329 support, maintain, and educate minor children is contracted by the parents by the very act of marrying. This obligation is mutual and the degree of support is determined by the needs of the children as well as the circumstances of those who are obligated to pay it. Martin v. Brasseaux, 422 So.2d 548 (La.App. 3rd Cir.1982); Guinn v. Guinn, 405 So.2d 620 (La.App. 3rd Cir. 1981); Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3rd Cir.1980).
The trial court has considerable discretion in fixing child support. Ducote v. Ducote, 339 So.2d 835 (La.1976); Hines v. Hines, 419 So.2d 971 (La.App. 3rd Cir. 1982). A parent seeking an award for child support from his (her) former spouse has the burden of proving the actual needs of the children and the ability of the former spouse to pay. Martin v. Brasseaux, supra.
In oral reasons for judgment, the trial judge stated that he took several things into account in fixing the award, but noted in particular only two factors. One of the factors articulated by the trial judge was the non-custodial parent's inclination to pay more than he is required to pay by the court. The trial judge stated that he was "purposely leaving some gap there for Mr. Stepp to be able to do some things on his own accord, and on his own initiative". It is this consideration that defendant claims was improper and constituted manifest error and abuse of discretion.
In support of this contention, defendant relies on Bertrand v. Bertrand, 401 So.2d 552 (La.App. 3rd Cir.1981) for the proposition that the obligation of the non-custodial parent is to support the children by making payments to the custodial parent, not to the children or to others for them. Although we agree that the trial judge's statement seems to do violence to the aforementioned principle, we ultimately conclude that there is no clear abuse of discretion in the actual award.
The calculation of child support cannot be done by a strict mathematical formula. Fall v. Fontenot, 307 So.2d 779 (La.App. 3rd Cir.1975). As aforementioned, defendant's monthly expenses were lumped together with those of the minor children. Admittedly, only a portion of the itemized expenses are incurred in support of the children. Thus, the trial judge was left with the discretion to allocate the expenses between Mrs. Stepp and the children in determining the children's needs.
In addition, the trial judge has great discretion in determining the respective ability of each parent to pay. Parents share the duty of supporting their children. However, some part of the duty of the custodial parent is met by the day to day caring for the children. Ducote v. Ducote, supra; Castille v. Buck, 411 So.2d 1156 (La.App. 1st Cir.1982). Under the circumstances of this case, it is clear that the parents are not equally able to meet that duty and the trial judge was left with the discretion to fix their respective support obligations.
The record reveals that the defendant had a surplus of monthly income over expenses in the amount of $655.48. The trial judge fixed the award of child support at $650.00 plus medical bills not reimbursed by insurance. Despite defendant's assertion to the contrary, these figures make it obvious that the trial judge considered Mr. Stepp's surplus of monthly income in determining his ability to pay.
We have reviewed the record and carefully considered the needs of the children and the circumstances of both parents. Despite the trial judge's ill considered statement previously mentioned, we are unable to say that the award of $650.00 per month in child support constituted an abuse of his great discretion.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this proceeding are assessed against the defendant, Annette Urban Stepp.
AFFIRMED.