453 So.2d 960 (1984)
Jean Ann Mayeaux, Wife of William J. SCHEFFLER, III
v.
William J. SCHEFFLER, III.
No. 83-CA-813.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 1984.
Rehearing Denied August 17, 1984.
*961 Reed & Reed, Floyd J. Reed, New Orleans, for plaintiff-appellant.
Grant & Barrow, Jack A. Grant, Gretna, for defendant-appellant.
Before BOUTALL, and CHEHARDY, JJ., and CLEVELAND J. MARCEL, Sr., J. Pro Tem.
CHEHARDY, Judge.
This is an appeal from judgments on rules to increase and decrease child support payments, to make past-due payments executory and for attorney's fees.
Plaintiff, Jean Ann Mayeaux Scheffler, and William J. Scheffler, III, defendant, were married in 1964. Two children were born of the marriage: a daughter, Susan Kay, on July 20, 1967, and a son, William, IV, on May 31, 1970. The parties were legally separated on April 26, 1979. That judgment awarded custody to the mother, subject to visitation privileges for the father, but it was silent as to support.
On March 27, 1980, a consent judgment was rendered awarding plaintiff $800 per month child support. The father was also ordered to pay tuition and school expenses for the children, to continue to provide hospital insurance, to pay all of their medical and dental expenses, and to keep current insurance policies on his life wherein the children were named beneficiaries. The parties were divorced on October 8, 1980 and the various provisions relating to child support were reiterated in the divorce judgment.
The mother remarried on October 18, 1980. Shortly thereafter the father filed a rule to reduce, followed by a rule to increase filed by the mother. After trial of the rules, judgment was rendered reducing the monetary award to $600 per month, while maintaining all of the other support provisions of the previous judgment.
On June 10, 1981 the father again brought a rule to reduce, alleging a change in circumstances. The mother then filed a rule to increase, and at a later date filed a rule for contempt to make past-due payments executory and for attorney's fees and costs.
Judgment was rendered on these issues on June 30, 1982, dismissing plaintiff's rules for an increase and contempt, and making executory the sum of $308.49 past-due child support in favor of plaintiff. Defendant's rule for a decrease was dismissed. The judgment was silent as to the request for attorney's fees.
Defendant moved for a new trial, which was denied, and on February 18, 1983 the court rendered judgment dismissing plaintiff's rule for attorney's fees "for the reasons assigned in the Court's Reasons for Judgment of June 30, 1982."
Plaintiff has appealed from both judgments and defendant has appealed only from the earlier judgment refusing to grant him a new trial.
At the outset we note that denial of a motion for a new trial is not an appealable *962 judgment absent a showing of irreparable injury. LSA-C.C.P. art. 2083; Tregre v. Tregre, 444 So.2d 675 (La.App. 5th Cir. 1984); Taylor v. Taylor, 380 So.2d 176 (La.App. 1st Cir.1979). We find that no showing of irreparable injury has been made.
Assuming appellant also wished to appeal the merits of the judgment on the rule we will review the record in that respect. See Tregre v. Tregre, supra.
The issues for our determination are whether or not an increase or a decrease in the award for child support is warranted, whether plaintiff is entitled to the award of $308.49 for past-due child support, and whether she is entitled to an award for attorney's fees.
In order for a court to increase or decrease a judgment for support the party seeking the increase or decrease must show a substantial change in the circumstances of either party, or both, from time of the previous judgment. Ducote v. Ducote, 339 So.2d 835 (La.1976); Manuel v. Manuel, 443 So.2d 729 (La.App. 4th Cir. 1983); Mancuso v. Mancuso, 352 So.2d 359 (La.App. 4th Cir.1977).
Both parties have remarried and a partial settlement of the community has been concluded whereby each one received substantial cash assets. A change of circumstances has thus been shown.
In support of her rule to increase the wife claims she needs $3,115 per month for the support of the two children. We note that these expenses do not include the private school tuition, medical and dental bills and insurance and school supplies contemplated by the judgment.
She itemizes the monthly expenses as follows:

House note $ 550.00
Groceries 600.00
Utilities 150.00
Phone 25.00
Insurance 60.00
Car operation and maintenance 150.00
Haircuts 30.00
Cleaning 20.00
Contributions 10.00
Clothing $ 350.00
Dancing, music and art lessons 90.00
Cosmetics, cigarettes and hairdresser 20.00
Newspapers and periodicals 5.00
Legal fees 500.00
Linens 20.00
Kitchen utensils 20.00
Recreation 200.00
Children's allowance 35.00
Gifts for self and children to others 80.00
Vacation for self and children 200.00
 ________
Total $3,115.00

It is clear from plaintiff's testimony that these expenses are for a family of four. They do not accurately reflect only expenses relating to the two children. She has also testified that her present husband gives her $1,100 per month for household expenses.
Although the father was ordered to pay $600 per month to plaintiff for child support, in addition thereto he also expended $5,400 for their education; $1,785 for medical expenses; $1,649 for insurance; miscellaneous expenses of $385 and country club charges of $300 for the children, for a total of $16,749 for the year, in conformity with the orders of the child support judgment.
Defendant's income in 1981 was $28,129. He paid $16,749 for his children's expenses, leaving a balance of $11,380 for his own expenses. In addition thereto he sold his law practice for $65,000 and a piece of immovable property for $35,000.
However it is clear defendant owed substantial sums which he described in detail, so that after paying off bank loans, sums due the Internal Revenue Service and making a down payment of $29,751 on a home for himself and his new wife, he had very little left from the two sales.
Defendant projected his gross income in 1982 to be $44,361 before taxes. This will be substantially reduced by the following expenses:

 1982
Federal and state taxes on profit
from sale of practice and office, and
other income $10,000.00
Reduction of outstanding notes 4,750.00
Taxes and insurance on house 1,200.00
Household contribution 6,000.00

*963
House note ($1,000.00) per month $12,000.00
Clothes and laundry 900.00
Entertainment 1,800.00
 __________
Total $36,650.00
 RECAPITULATION
Income $44,361.00
Expenses 36,650.00
 __________
Balance $ 7,711.00

Plaintiff contends defendant either failed to disclose substantial income and concealed it or misrepresented his business expenses, because his lifestyle far exceeds his stated income in that he has an American Express card, country club, carnival organization and sporting club memberships; he plays golf, hunts, goes fishing, owns two boats, several guns, expensive hunting and fishing equipment, and has taken numerous vacations.
We find no merit in these contentions. We note that plaintiff has remarried a successful engineer and has a lifestyle which also includes numerous vacations.
We do not find that the father's lifestyle exceeds that which he provides for his two children. The substantial sums defendant pays to provide them with quality education, and other expenses called for by the judgment, coupled with the money judgment are commensurate with his ability to pay, but not so low that the trial court has abused its discretion in failing to grant the wife an increase. Nor does the record reflect that their needs are such that an increase is warranted.
Relative to the rule to decrease, plaintiff received $83,000 in cash when the community was partially settled. She invested this in certificates of deposit, which provided her with approximately $7,000 interest from June to December. If reinvested the following year for an entire 12 months the interest should be considerably higher. Thus, defendant contends, plaintiff can also contribute something to the support of her children.
Under the provisions of LSA-C.C. arts. 227, 230 and 231, the obligation to support, maintain and educate minor children is contracted by the parents by the very act of marrying. The obligation is mutual and the degree of support is determined by the needs of the children as well as the circumstances of those who are obliged to pay. Stepp v. Stepp, 442 So.2d 1327 (La.App. 3d Cir.1983); Martin v. Brasseaux, 422 So.2d 548 (La.App. 3d Cir. 1982); Guinn v. Guinn, 405 So.2d 620 (La.App. 3d Cir.1981).
Plaintiff claims although she has $83,000 in capital she is not obligated to deplete her assets. Sonfield v. Deluca, 385 So.2d 232 (La.1980); Loyacano v. Loyacano, 375 So.2d 1314 (La.1979); Wilhite v. Wilhite, 408 So.2d 973 (La.App.2d Cir.1982).
It is her position that the day-to-day responsibility for the care of the children, their guidance and supervision, including the preparation of meals, washing, ironing, mending clothes and transporting the children to various activities constitutes her contribution to the mutual obligation of support. Ducote v. Ducote, 339 So.2d 835 (La.1976); Lewis v. Lewis, 382 So.2d 978 (La.App. 1st Cir.1980); Gaidry v. Gaidry, 380 So.2d 644 (La.App. 1st Cir.1979).
The trial judge has great discretion in determining the respective ability of each parent to pay. Parents do share the duty of supporting their children, and some part of the duty of the custodial parent is met by the day-to-day care of the children. Stepp v. Stepp, supra; Ducote v. Ducote, supra.
Defendant has suggested a fair and equitable solution would be to modify the judgment by making the mother responsible for tuition and school expenses. Defendant has also requested us to define "school expenses."
The father is in a better financial position to pay tuition and school expenses; however, we find a need to define school expenses to eliminate the problems which have arisen as to what items properly constitute school expenses. After careful consideration we have decided to define school expenses as those expenses which are *964 charged by the school or charged for school-sponsored activities.
The award for past-due child support concerned only school expenses. The father was current in all other areas of the judgment. Numerous bills were forwarded to him ranging from hundreds of dollars to 31 cents from a local drug store.
Defendant claims he had not seen many of the bills, a number of them were unauthenticated, and there was a question as to what actually constituted school expenses.
While not approving all of the amount claimed, the trial court awarded plaintiff $308.49. However, he did not award attorney's fees or find defendant in contempt "because of the vagueness of the term `school expenses', and because the lack of communication between the parties must be shared, in varying degrees by each."
LSA-R.S. 9:305 permits an award of attorney's fees to the prevailing party, except for good cause. Micheu v. Micheu, 440 So.2d 240 (La.App. 5th Cir.1983); Trahan v. Trahan, 405 So.2d 1160 (La.App. 1st Cir.1981).
The court properly awarded plaintiff the amount of $308.49 for past-due child support, but in recognizing the vagueness of term school expenses and the lack of communication between the parties, found good cause for refusing attorney's fees. We agree with that conclusion.
For the reasons assigned the judgments appealed from are affirmed except for an amendment to provide a definition of the term "school expenses" as set out herein.
AMENDED AND AFFIRMED.