BOWES, Judge.
On December 13, 1985, the trial court granted a devolutive appeal from the judgment of November 13, 1985, relating to a finding of contempt and an order of incarceration of the defendant, John Mansker, Jr., and from that portion of the judgment relating to a finding of past-due alimony and an increase in the amount of permanent alimony. After a careful review of the entire record, we affirm the judgment of the trial judge.
The marital litigation commenced with Joy Jansker’s petition for separation, child custody, child support, alimony, attorney’s fees and injunctive relief. On March 26, 1985, after trial on the merits, a judgment was rendered on the following: judgment in favor of Joy Ryals Mansker and against John Mansker, Jr., decreeing a separation from bed and board, finding Joy Mansker free from fault; judgment in favor of Joy Mansker awarding her alimony pendente lite in the sum of Eight Hundred ($800.00) dollars per month from February 17, 1984 until March 22, 1985; judgment in favor of John Mansker, Jr., decreeing a divorce based on their living separate and apart for a period in excess of one year; and judgment in favor of Joy Mansker awarding her permanent alimony in the sum of Six Hundred ($600.00) dollars per month, this alimony being due and payable on the first of each and every month.
On May 2, 1985, John Mansker filed a devolutive appeal from the judgment of March 26, 1985, as it related to the award of post-judgment alimony. That appeal • was denied as not timely filed pursuant to LSA-La.C.C.P. art. 3942. On June 26, 1985, Joy Mansker filed a “Rule for Judgment for Past-due Alimony” and, on August 12, 1985, John Mansker filed a “Rule to Reduce Permanent Alimony.” After a hearing, judgment was rendered on September 18,1985, in favor of Joy Mansker in the amount of Eleven Thousand Seven Hundred Thirty-five and 05/100 ($11,-735.05) dollars, plus attorney’s fees of Two Hundred and fifty ($250.00) dollars, all *1176 court costs, and legal interest of twelve (12%) per cent until paid. It was further ordered that there be judgment in favor of John Mansker reducing the amount of permanent alimony from Six Hundred and 00/100 ($600.00) per month to Five Hundred and 00/100 ($500.00) dollars per month.
Thereafter, on October 1, 1986, Joy Mansker filed a Rule for Judgment for Past-due Alimony, for Contempt for Failure to Pay Alimony, and for Increase in Alimony, all of which was set for November 5th. On October 31, appellant’s then-attorney of record filed a Motion and Order for Continuance of Rule, as John Mansker had ended that firm’s representation and no other counsel was enrolled. At the hearing held on November 5, this motion was denied. Further, the trial court rendered a judgment dated November 13, 1985 in favor of Joy Mansker in the amount of One Thousand Five Hundred and 00/100 ($1,500.00), which amount was made exec-utory, plus attorney’s fees of Three Hundred and 00/100 ($300.00) dollars and all court costs. Also, the court ordered an increase in the amount of permanent alimony from Five Hundred and 00/100 ($500.00) dollars per month to Six Hundred and 00/100 ($600.00) dollars per month, effective October 1, 1985. Finally, judgment held that John Mansker was guilty of contempt of court for refusing to pay Joy Mansker alimony due her and ordered him incarcerated in parish prison for a period of fifteen (15) days. This judgment dated November 13th (regarding the hearing of November 5th) is the subject of this appeal.
Appellant presents two specifications of. error:
1. The trial court erred in awarding Joy Mansker permanent alimony given her present earnings.
2. The trial court erred in awarding Joy Mansker $600.00 per month in permanent alimony which amount was in excess of her stated living expenses.
The divorce judgment and initial award of permanent alimony was not timely appealed and is not before us. The appellant’s assignments of error constitute an impermissible collateral attack against the judgment of permanent alimony. Duke v. Duhe, 451 So.2d 1198 (La.App. 5th Cir.1984); Thibodeaux v. Duos, 343 So.2d 441 (La.App. 3rd Cir.1977). However, we take cognizance of the fact that appellant’s Motion for Appeal stated proper grounds for a timely appeal of the November 13, 1985 judgment. Also, we are aware that an assignment of error is not necessary in any appeal. LSA-La.C.C.P. Art. 2129. In addition, pursuant to LSA-La.C.C.P. Art. 2164, it is our duty as an appellate court to render any judgment which is just, legal and proper upon the record. It follows that this court has this authority regardless of whether a particular legal point or theory is made. Villanueva v. Schwall, 408 So.2d 1186 (La.App. 4th Cir.1982); Givens v. Richland-Morris Agency, Inc., 369 So.2d 1184 (La.App. 2nd Cir.1979).
Accordingly, notwithstanding the fact that the appellant did not address the judgment, that is properly appealed from (the one dated November 13, 1985) in his brief (which is partially unreadable), or present any assignments of error in regard thereto, nevertheless, we will address the issues presented in that, judgment. It is obvious from a reading of the record that there are only three issues that could be appealed and these issues are properly discussed in appellant's Motion and Order for Appeal.

Finding of Past-Due Alimony

At the hearing held November 5, 1985, Joy Mansker testified that John Mansker had not paid any alimony due from September 1, 1985, to the date of the hearing. Thus, at that time, he was behind approximately three months, which amounts to Fifteen Hundred and 00/100 ($1,500.00) dollars. As neither Mr. Mansker nor his attorney was present to give any contradictory evidence, the trial court found the amount was past-due and exec-utory. We find no manifest error in this ruling on the part of the trial judge.

*1177
Increase in the Amount of Permanent Alimony

It is well established that a spouse who seeks modification of alimony award must show a change in circumstances of one of the parties from the time the alimony was fixed or since the last change in that award. Micheu v. Micheu, 440 So.2d 240 (La.App. 5th Cir.1983); Green v. Green, 432 So.2d 959 (La.App. 4th Cir.1983); Lynn v. Lynn, 430 So.2d 363 (La.App. 3rd Cir.1983) writ denied 434 So.2d 1094 (La.1983). The party seeking to modify the award bears the burden of showing that there has been a change in circumstances of one of the spouses. Jordan v. Jordan, 432 So.2d 314 (La.App. 5th Cir.1983) writ denied 438 So.2d 1111 (La.1983). At the hearing held November 5, 1985, Joy Mansker testified that her eighteen-year old son, a soon-to-be full-time student, had returned to live with her and she had incurred medical debts on behalf of her son and herself. Additionally, she testified that John Mansker had not paid the first and second mortgage payments or the subdivision property fees on the community property located in Virginia, although he testified at the previous hearing he was paying those debts. As a result of his delinquency on these mortgage payments and subdivision property fees, Joy Mansker was required to incur additional attorney’s fees to protect her property rights in Virginia. We find that the wife did prove a substantial change in her circumstances and there was no manifest error in the trial judge’s determination of such, nor in his granting the amount of increased alimony that he did.

Contempt and an Order of Incarceration

The Louisiana Code of Civil Procedure in Article 224 requires “willfulness” in a finding of contempt. John Mansker was ordered to pay Five Hundred and 00/100 ($500.00) dollars per month commencing on September 1, 1985. As of the hearing date of November 5, 1985, he had not made any payment whatsoever or provided the court with any reasons why he had not done so. We agree with the trial court that the appellant was in contempt of court, and we find no manifest error in the trial judge so holding. This is particularly true in view of Mr. Mansker’s past performance. Micheu v. Micheu, supra. In this connection, we note from the record that Joy Mansker was previously before the trial court to collect past-due alimony and was awarded a judgment at that time in the amount of Eleven Thousand Seven Hundred Thirty-Five and 05/100 ($11,-735.05) dollars.
Accordingly, we affirm the finding of contempt on the part of the defendant and the portion of the trial court’s judgment making the rule for past-due alimony exec-utory. Also, we affirm the trial court increasing alimony payments to Six Hundred and 00/100 ($600.00) dollars per month. All costs of this appeal are to be paid by the appellant.
AFFIRMED.